## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CT-00343-SCT

*ESTATE OF EDWARD H. STEVENS, III*

*v.*

*JAMES K. WETZEL AND MGA INSURANCE COMPANY, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/96 |
| TRIAL JUDGE: | HON. R. B. REEVES, JR. |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | NORMAN BRELAND |
| ATTORNEY FOR APPELLEES: | PRO SE |
| | CY FANECA |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 03/09/2000 |
| MOTION FOR REHEARING FILED: | 4/12/2000; denied 6/15/2000 |
| MANDATE ISSUED: | 6/22/2000 |

## EN BANC.

## PRATHER, CHIEF JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Edward H. Stevens, III was retained by Peggy Cuevas to represent her on a contingent fee basis in a personal injury action. Cuevas subsequently discharged Stevens as her attorney and retained James K. Wetzel to represent her on a contingent fees basis with essentially the same terms. Stevens claimed a fee based on quantum meruit. After Cuevas's personal injury action was settled on appeal, Wetzel tendered a check to Stevens for some of his expenses, but no attorney's fees.

¶2. Stevens subsequently filed suit against Wetzel and MGA Insurance Company, Inc., the insurance company for the judgment debtor, in the Chancery Court of Pearl River County, Mississippi. The trial court found that neither the insurance company, nor Wetzel had any liability for payment of such a fee, but rather Stevens's sole remedy was in the form of a direct action against his former client. Stevens appealed. The Court of Appeals affirmed in part and reversed in part, finding that the insurance company did not have notice of Stevens' claim, and therefore could not be held liable. The Court of Appeals further found that Wetzel did have knowledge of the claim; and therefore, he was liable to Cuevas under the theory of

conversion. *Estate of Stevens v. Wetzel*, No. 96-CA-000343-COA, 1999 WL 58566 (Miss. Ct. App. Feb. 9, 1999). Because conversion was never raised by Stevens in the trial court, the judgment of the Court of Appeals is reversed and rendered as to Wetzel and affirmed as to MGA Insurance Company, Inc.

## FACTS

¶3. Peggy Cuevas (Cuevas) retained Edward Stevens (Stevens) to represent her in a potential cause of action which arose from personal injuries she suffered in an automobile collision. Stevens and Cuevas entered into a contingency fee contract in which Stevens was to receive one-third of any recovery as his fee. Stevens filed suit in United States District Court for the Southern District of Mississippi on behalf of Cuevas. After becoming displeased with Stevens's representation, Cuevas discharged Stevens as her attorney. Cuevas then proceeded to retain James K. Wetzel (Wetzel) to represent her in the personal injury action. Wetzel's representation was essentially on the same terms as Stevens's.

¶4. Stevens subsequently sought to intervene in the federal district court action to assert a claim for attorney's fees based on the work he performed on the case prior to his discharge. For reasons which do not appear in the record, the magistrate judge to whom the case was assigned denied Stevens's motion. Stevens filed a motion for reconsideration which, again for unknown reasons, was denied by the magistrate judge. Instead of appealing the magistrate judges's ruling to the district judge after his motions were denied, Stevens continued to insist on his right to payment from Wetzel. The record does not indicate that Stevens continued to insist on his right to payment from MGA Insurance Company, Inc. (MGA).

¶5. Cuevas's case was ultimately tried in federal district court. The jury returned a verdict in the amount of $45,000, which was substantially less than what the parties had expected. Wetzel was eventually able to persuade MGA, the liability insurance carrier for the tortfeasor defendant, to settle the matter with Cuevas for $52,500 in exchange for her abandoning her anticipated appeal based on the inadequacy of the verdict.

¶6. Thereafter, MGA issued a draft in the amount of $52,500 jointly payable to Wetzel and Cuevas. With his client's consent, Wetzel paid himself one-third of the gross recovery plus an additional sum for costs and expenses he had advanced in connection with the litigation. Also with Cuevas's consent, Wetzel tendered Stevens the sum of $2,479.38 as reimbursement for some, but not all, of the expenses Stevens claimed he incurred on Cuevas's behalf prior to his discharge.[1] Because Cuevas's medical bills exceeded the amount of the gross settlement, Cuevas did not receive any of the settlement proceeds herself, but rather the remainder of the settlement proceeds were disbursed to certain of her medical providers on a pro rata basis. Stevens refused the tender of $2,479.38, claiming instead that he was entitled to an additional amount for quantum meruit compensation for his services. Stevens asserted that he was entitled to $7,933.75 together with actual expenses in the amount of $3,091.88 for a total of $11,085.63.

¶7. When Stevens did not receive payment, he filed a complaint against Wetzel and MGA in the Chancery Court of Pearl River County, Mississippi, claiming that he was entitled to $11,689.23 [sic]. In his complaint, Stevens alleged that Wetzel violated his ethical obligations by distributing the settlement funds without satisfying Stevens's quantum meruit claim. Stevens further alleged that MGA breached its ethical and legal duties to honor his lien pursuant to the Mississippi law of assignments.

¶8. Even though of the opinion that Stevens was entitled to compensation for his pre-termination services on a quantum meruit basis, the trial court found neither MGA nor Wetzel had any liability for payment of Stevens's fee based on the breach of any ethical obligations. The trial court further found that Stevens's

remedy was to bring an action for payment directly against Cuevas.

¶9. Stevens appealed, and the case was assigned to the Court of Appeals. During the pendency of the appeal, Stevens died, and the Estate of Edward H. Stevens, III was substituted as the appellant. The Court of Appeals subsequently issued an order requesting supplemental briefs on certain points of law.

¶10. The Court of Appeals found that Wetzel had no ethical obligation regarding the fees owed pursuant to Mississippi State Bar, Ethics Opinion No. 144 (1988). However, the Court of Appeals went on to find that Stevens had perfected a common law lien as to the funds, and because Wetzel was aware that Stevens was claiming a portion of the funds, he was liable to Stevens for conversion. The Court of Appeals further found that MGA did not have sufficient notice that Stevens was still claiming a portion of his funds after he had been denied leave to intervene in the federal district court action, and therefore had no liability to Stevens. We subsequently granted certiorari to consider the issues.

## ANALYSIS

¶11. Wetzel argues the Court of Appeals' holding that he was liable to Stevens under the theory of conversion was improper because that theory was never raised in the trial court or on appeal. While M.R.C.P. 8 has eliminated the technical forms of pleadings required in years past, notice pleadings are still required to place the opposing party on notice of the claim being asserted. No magic words are required by the Rules of Civil Procedure; however, this Court has previously stated:

> Under Rule 8 of the Mississippi Rules of Civil Procedure, it is only necessary that the pleadings provide sufficient notice to the defendant of **the claims and grounds upon which relief which is sought**.

*Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So.2d 977, 984 (Miss. 1991) (emphasis added). *See also Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So. 2d 857, 860 (Miss. 1988) (holding that a complaint must set out allegations from which the elements of the claim may be inferred); M.R.C.P. App. A, Form 21 (suggested form for complaint for conversion includes allegation that "defendant converted to his own use . . . .").

¶12. A review of the record in the present case shows that no such notice was ever provided by Stevens that he was relying on the theory of conversion for recovery. The sole basis advanced by Stevens against Wetzel in his complaint was the breach of an alleged ethical duty. Stevens' Complaint provides in part:

> The Plaintiff therefore ask for declaratory relief in the form of a Judgment of ELEVEN THOUSAND SIX HUNDRED EIGHTY NINE AND 23/100 ($11,689.33) [sic] DOLLARS to reflect that the Plaintiff's charging lien, which was fixed at the date of discharge, is superior in priority of liens to the Defendant, JAMES K. WETZEL's, contingency fee, which came later.

> It is asked that this Court acknowledge that by virtue of the Miss. Rules of Professional Conduct 1.16(a)(3) to which the Plaintiff and the Defendant, JAMES K. WETZEL, have bound themselves to obey by virtue of their oath and license to practice before the bar in this and all other Courts in the State of Mississippi.

¶13. In addition, Stevens never argued conversion, or any other theory of recovery for that matter, in his Motion for Partial Summary Judgment, and the transcript of the hearing in the chancery court on Wetzel's

and Stevens' motions for summary judgment confirms that Stevens never argued the theory of conversion, but rather only argued that he was entitled to recovery based on a violation of the Mississippi Rules of Professional Conduct.

¶14. The trial court found, pursuant to Mississippi State Bar, Ethics Opinion No. 144 (1988), that Wetzel owed Stevens no ethical duty and found in favor of Wetzel. As previously stated, the record shows that Stevens only argued a violation of the Mississippi Rules of Professional Conduct to the trial court as his basis of recovery. Conversion was never argued to the trial court. This Court has previously stated that "[a] trial judge will not be put in error on a matter which was not presented to him for his decision." *Parker v. Mississippi Game & Fish Comm'n*, 555 So.2d 725, 730 (Miss. 1989) (citing *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So.2d 436, 446 (Miss.1989)). This Court therefore reverses and renders the judgment of the Court of Appeals as to Wetzel.

¶15. As to MGA Insurance Company, Inc., the record is devoid of any indication that Stevens continued to insist on his right to payment from MGA after his attempts to intervene in the federal district court action were denied. In fact, the record indicates just the opposite--- that Stevens abandoned his efforts to assert his claim against MGA after his motions were denied by the magistrate judge. Stevens had the opportunity to appeal the decision of the magistrate judge to the district judge pursuant to Fed. R. Civ. P. 72, but did not do so. MGA should not be held liable for a claim that it had no notice of because Stevens abandoned it; and therefore, this Court affirms the judgment of the Court of Appeals as to MGA Insurance Company, Inc.

¶16. **THE JUDGMENT OF THE COURT OF APPEALS IN FAVOR OF THE ESTATE OF EDWARD H. STEVENS, III AGAINST JAMES K. WETZEL IS REVERSED AND RENDERED. THE JUDGMENT OF THE COURT OF APPEALS IN FAVOR OF MGA INSURANCE COMPANY, INC. IS AFFIRMED.**

> **SMITH, MILLS AND WALLER, JJ., CONCUR. PITTMAN, P.J., CONCURS IN RESULT ONLY. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, P.J., AND COBB, J.**
>
> **McRAE, JUSTICE, DISSENTING:**

¶17. The majority is correct in holding that Stevens was entitled to and vested with an attorney's charging lien against the settlement fund of Peggy Cuevas. However, the majority's reasoning is flawed when it holds that Stevens's mere failure to plead the theory of conversion in his complaint bars recovery from Wetzel and that a failure to give a continuous and sufficient notice to MGA constitutes abandonment. It is of interest that Wetzel knew Stevens had not abandoned by sending a check for partial expenses to Stevens without any attorneys fees. Both of the defendants knew of the lien and were on notice of it, and Stevens filed a notice complaint which sufficiently complied with Miss. R. Civ. P. 8(a). Accordingly, I dissent.

¶18. As to MGA, one can only wonder what type of notice a plaintiff must give to such a sophisticated defendant. There was never any form of affirmative action by Stevens to notify MGA that he was abandoning his claim after his motion to intervene was denied. MGA was well aware of the lien Stevens possessed and yet, still failed to include his name on the draft. He gave them notice of his representation,

discussed the claim, filed a lawsuit in which they defended, incurred expenses, and attempted to intervene over the objections of everyone. It was his choice then to either appeal or file suit whenever money was obtained. He chose the latter in a timely fashion. This was a more sensible approach than what the majority espouses. Any alleged abandonment by Stevens would appear to be a question for the trier of fact, not this Court.

¶19. In this state there is no statute fixing or regulating the lien of an attorney, or the enforcement thereof. *Collins v. Schneider*, 187 Miss. 1, 9, 192 So. 20, 22 (1939). In the case of *Stewart v. Flowers*, 44 Miss. 513, 519 (1871), this Court held that an attorney's lien on judgments and decrees obtained by them for fees on account of services rendered, belongs to the **family of implied common law liens**, and is firmly engrafted on the common law.

¶20. Therefore, in line with common law, we have consistently held that a Mississippi attorney may impose a special or charging lien entitling the attorney to recover his fee and expenses from the proceeds of the judgment of a case. *Tyson v. Moore*, 613 So.2d 817, 827 (Miss. 1992). A charging lien lies against any fund of money or other property belonging to the client when that fund is generated or the property is recovered through the efforts of the attorney on his client's behalf. *Tyson*, 613 So.2d at 826. **Such a lien attaches once that fund is created or once the property itself is finally adjudicated as being the property of the client**. *Id.*

¶21. There is also considerable evidence that not only was Wetzel responsible for the payment of attorney fees to Stevens, but that he was aware of such duty. The Court of Appeals pointed out that "the record is replete with evidence in the form of written communications between the attorneys that Stevens was asserting his right to be paid out of settlement proceeds and that Wetzel was on actual notice of such a claim."*Estate of Stevens v. Wetzel*, No. 96-CA-000343-COA, at *6 1999 WL 58566 (Miss. Ct. App. Feb. 9, 1999). In fact, after Stevens saw his contract terminated, he sought leave to intervene in the pending federal court personal injury action to assert a claim for compensation for his work on the case prior to his termination. This suit served as **additional notice** to both Wetzel and MGA that Stevens intended to be paid for his services out of the settlement. Stevens filed a complaint and conducted discovery which both defendants were aware of.

¶22. Mississippi is a **notice-pleading state**. As a result, Wetzel satisfied the requirements of Rule 8 in his Complaint. Mississippi Rule of Civil Procedure 8 states, in pertinent part: (a) Claims for Relief. A pleading which sets forth a claim for relief, ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, ... (e) Pleading to Be Concise and Direct: Consistency. (1) Each averment of a pleading shall be simple, concise, and direct. **No technical forms of pleading or motions are required**. The comment to Rule 8 begins with this statement: "**The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose in prior Mississippi practice.**" (emphasis added). *Crowe v. Crowe*, 641 So.2d 1100, 1104 (Miss.1994); *Independent Life & Acc. Ins. Co. v. Peavy*, 528 So.2d 1112,1116 (Miss.1988); *see* Miss. R. Civ. P. 8 cmt. There are no magic words required by this rule.

¶23. Since Wetzel had control of the funds with actual notice of the existence of Stevens's lien and the funds were dispersed in a manner that ignored Stevens's lien. It may appear that Wetzel committed an act of for which he may be liable, and a trier of fact should decide this. Stevens's Amended Complaint provided in pertinent part:

The Plaintiff therefore asks for declaratory relief in the form of a Judgment of ELEVEN THOUSAND SIX HUNDRED EIGHTY NINE AND 23/100 ($11,689.33) DOLLARS to reflect that the Plaintiff's charging lien, which was fixed at the date of discharge, is superior in priority of liens to the Defendant, JAMES K. WETZEL's, contingency fee, which came later.

¶24. The above paragraph clearly meets the requirement in Rule 8 that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. The paragraph is much more detailed than that of a general prayer for relief. The Court in *Smith v. Smith*, 607 So.2d 122, 127 (Miss.1992) held that "under the general prayer, any relief will be granted which the original bill justifies and which is established by the main facts of the case, so long as the relief granted 'will not cause surprise or prejudice to the defendant.'" (quoting *Hollemon v. Hollemon*, 527 So.2d 90, 93 (Miss. 1988)). Considering the number of times Stevens attempted to recover payment from Wetzel with Wetzel's knowledge of the debt, such relief, if granted, should not be of any surprise to Wetzel.

¶25. By choosing to ignore this legal obligation to Stevens, with the ultimate effect of putting the funds beyond the reach of Stevens's charging lien, Wetzel violated basic and fundamental lien obligations for the purpose of personal financial gain. He received 1/3 of the gross settlement; his client received unpaid medical bills that were paid for from Wetzel's trust account.

¶26. I would reverse and remand for a full hearing on the merits to: (1) address the issue of Wetzel's obligations to Stevens and (2) address whether MGA had sufficient notice of Stevens's claim under our state's notice pleadings decisions to be liable to Stevens. Clearly the chancellor erred and this matter should be sent back for a full trial. Accordingly, I dissent.

## BANKS, P.J., AND COBB, J., JOIN THIS OPINION.

1. Cuevas apparently disagreed with some of Stevens's itemized expenses, and accordingly, did not tender to Stevens the full amount of the expenses which he claimed he incurred on her behalf.