MYERS, J., for the court.
¶ 1. Lynwood Slaydon claims he was assaulted on October 30, 1999, by Walter Hansford when Slaydon illegally entered the house owned by Robert Bowman in an attempt to steal the property of both Hansford and Bowman. Hansford, who was asleep inside the house, was awakened by Slaydon and his accomplice, Timothy Nichols. Hansford looked around the house to determine whether anything was missing and noticed that a compact disc player owned by both Bowman and Hansford was missing. Hansford then went outside to inquire of Nichols and Slaydon who had not left the property, if they had taken the compact disc player. Hansford noticed that the compact disc player was in the back of Nichols’ truck and attempted to reclaim the property. Both Nichols and Slaydon began throwing full beer cans at Hansford, causing Hansford to retreat into the garage where he searched for something to defend himself. Hansford found a gasoline can and began swinging it at both Slaydon and Nichols spilling gasoline on both while trying to re-enter the house.
¶ 2. Slaydon filed his complaint for assault and battery against both Hansford and Bowman on November 17, 2000. The trial court dismissed Slaydon’s complaint finding that the statute of limitations had run on Slaydon’s cause of action. From the dismissal of his cause of action, Slaydon appeals claiming the applicable statute of limitations had not expired.
¶ 3. Slaydon asserts as the sole issue in his appeal that the applicable statute of limitations for his cause of action has not expired. The standard of review for motions to dismiss is “substantial evidence/manifest error.” Alexander v. Brown, 793 So.2d 601, 603 (¶ 6) (Miss.2001). The evidence is considered fairly as *472 between the parties. Id. Slaydon clearly asserted a claim of assault and battery in his complaint. The statute of limitations for assault and battery is one year. Miss. Code Ann. § 15-1-35 (Rev.1995). Slaydon contends that in addition to asserting a cause of action for assault and battery, his complaint also asserts a negligence claim against both Hansford and Bowman. Mississippi is a notice pleading state. Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss.2000). That is, pursuant to Rule 8, Mississippi Rules of Civil Procedure, the pleadings must only “provide sufficient notice to the defendant of the claims and grounds upon which relief is sought.” Id. Slaydon states in his complaint that the assault occurred while he was on Bowman’s property. This is not sufficient to provide notice to Hansford and Bowman that Slaydon asserted a negligence cause of action which has a three year statute of limitations. Miss. Code Ann. § 15-1-49 (Rev.1995). The trial judge did not commit manifest error in finding that the statute of limitations for assault and battery had expired and dismissing Slaydon’s complaint. This issue is without merit.
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING APPELLANT’S COMPLAINT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.