# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60854

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

BENNY RAY SAUCIER,

Plaintiff-Counter Defendant - Appellee

v.

AVIVA LIFE AND ANNUITY COMPANY,

Defendant-Counter Claimant - Appellee

v.

RSL FUNDING, L.L.C.; RSL-5B-IL, LIMITED,

Counter Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-429

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Appellants, RSL Funding, L.L.C. and RSL-5B-IL, Ltd. (collectively referred to as "RSL"), appeal the district court's judgment in favor of Appellee,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60854

Benny Ray Saucier ("Saucier"), denying RSL's motion to compel arbitration. We AFFIRM.

## I.

In 1990, Saucier entered into a structured settlement agreement to compromise his personal injury claims. Under the settlement agreement, Saucier was to receive annuity payments from Aviva Life and Annuity Company ("Aviva"). This dispute involves two of those payments; a payment of $150,000 that came due on August 30, 2010, and another payment of $200,000 that will come due on August 30, 2015.

In 2008, Saucier decided to sell these two annuity payments to RSL in exchange for cash. Saucier entered into three agreements with RSL. The first agreement, signed by Saucier on January 27, 2009, is an "Application for Cash for Future Payments" ("Application"). This document allowed RSL to conduct a background check, investigate Saucier's credit, etc., prior to entering into the transfer agreement. The second agreement—which is the core agreement—is the "Amended Transfer Agreement (For Transfer of Structured Settlement Payments)" ("Amended Transfer Agreement"); it was signed on January 27, 2009. This agreement sets forth the terms by which Saucier sold his right to receive the two payments to RSL. Under this agreement, RSL was given the right to receive the two annuity payments from Aviva in exchange for the payment of $212,000 cash to Saucier. The third and final agreement is a $6,500 promissory note ("Note"), which Saucier signed on January 29, 2009 in order to get immediate cash pending court approval of the transfer agreement. This note grants RSL "a right of offset against all monies due [Saucier] relating to the Assigned Payments as set forth in the Transfer Agreement." Each of these agreements contains a broad arbitration clause that generally provides: "Any dispute or disagreement of any nature whatsoever" that may arise between the parties "as to the performance of any obligations, the satisfaction

2

of any rights, and/or the enforceability hereof, shall, be resolved through demand by any party and/or interested party to arbitrate the dispute . . . ."

RSL then filed a petition in Mississippi chancery court seeking approval of the proposed transfer under the state's Structured Settlement Protection Act ("SSPA"). On March 12, 2009, the Harrison County Chancery Court approved the transfer between RSL and Saucier.

## A. *State Court Litigation*

On June 11, 2009, Saucier filed a motion to set aside the chancery court's order approving the transfer. The chancery court granted Saucier's motion on September 8, 2009. The court found that RSL had failed to comply with the provisions of the Mississippi SSPA by not providing Saucier notice of the approval hearing. RSL and Saucier have been litigating the ownership of the annuity payments since that time.

On November 23, 2010, Saucier filed for a declaratory judgment. Saucier sought a declaration from the chancery court that, among other things, the transfer between RSL and Saucier was invalid and not within Saucier's best interest. Saucier also sought other relief including sanctions. On February 2, 2011, Saucier moved for summary judgment. In response, RSL filed a motion to stay the state court proceedings and compel arbitration.

Because the state law requirements for approval of the transfer were not met and therefore the transfer agreements were not enforceable, the chancery court, on June 17, 2011, denied RSL's motion to compel arbitration. Without an enforceable contract between the parties, the court reasoned, there was no valid arbitration clause. The court also granted a permanent injunction prohibiting arbitration. Finally, the chancery court denied Saucier's motion for summary judgment, relying primarily on his claim for sanctions. RSL appealed the denial of its motion to compel arbitration to the Mississippi court of appeals. On March 26, 2013, the appellate court affirmed the chancery

court's denial to stay the proceedings and compel arbitration on the grounds that the contracts containing the arbitration clauses were unenforceable.[1]

### B. Federal Court Proceedings

While the proceedings between Saucier and RSL were still pending, Saucier filed a complaint against Aviva, the obligor of the annuity payments, in the Chancery Court of Harrison County, Mississippi; this suit was filed on August 16, 2010. In this suit, Saucier sought a declaration that the installments due under the Aviva annuity were payable to him and not RSL. Aviva removed the case to federal district court on August 27, 2010, alleging diversity jurisdiction.

On November 18, 2010, the district court entered an order which, among other things, denied Saucier's motion to remand and stayed the proceedings pending the outcome of the suit between RSL and Saucier. The court later reconsidered its ruling and entered an order granting Saucier's motion to remand on the grounds of abstention. RSL appealed the district court's order arguing that the federal court denied RSL's "multiple attempts to compel arbitration after the Court stayed the case but before the Court signed the remand order."

On November 16, 2012, this Court issued an opinion vacating the district court's judgment. On remand, we directed the district court to "determine in the first instance whether any issues or claims decided by the state court are entitled to preclusive effect" and to "determine whether RSL is entitled to compel arbitration under 9 U.S.C. § 3."

---

[1] A more detailed account of the highly complex procedural history of this litigation in the state courts is available in the Mississippi court of appeals' opinion in *In re Transfer of Structured Settlement Payment Rights ex rel. Saucier,* 130 So. 3d 1108 (Miss. Ct. App. 2013), reh'g denied (Sept. 17, 2013), *cert. denied,* 131 So. 3d 577 (Miss. 2014).

No. 13-60854

On November 4, 2013, the district court entered an order denying RSL's request to compel arbitration. This was based on the state courts' determination that the Amended Transfer Agreement and ancillary agreements containing the arbitration clauses were unenforceable because the agreements were not approved pursuant to state statute. The court concluded that the enforceability of the contracts containing the arbitration clauses was fully litigated and decided by the state courts. RSL was precluded under the doctrine of collateral estoppel from relitigating the enforceability of the agreements (including the arbitration clauses contained in those agreements). RSL now appeals.

## II.

Because the applicability of collateral estoppel is a question of law, we review the district court's determination de novo.[2] Likewise, we review a district court's ruling on a motion to compel arbitration de novo.[3]

## III.

The full faith and credit statute, 28 U.S.C. § 1738, provides that state "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." Accordingly, a federal court must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so[.]"[4] Therefore, the question before the district court and this Court is whether a Mississippi state court would give preclusive effect to the prior state court judgments.

---

[2] *Baros v. Texas Mexican Ry. Co.,* 400 F.3d 228, 232 (5th Cir. 2005).

[3] *Freudensprung v. Offshore Tech. Services, Inc.,* 379 F.3d 327, 337 (5th Cir. 2004).

[4] *Allen v. McCurry,* 449 U.S. 90, 96 (1980).

No. 13-60854

RSL argues on appeal that the district court erroneously applied the doctrine of collateral estoppel, because the Mississippi state court proceedings failed to determine the question of arbitrability under all three agreements. Principally, RSL contends that the state court decisions invalidated the arbitration clause in the Amended Transfer Agreement, but did not consider the arbitration clauses in the related ancillary documents. It is apparent from the Mississippi court of appeals' opinion, however, that it viewed the three agreements in globo as the "transfer agreement."[5]

Under Mississippi law, the doctrine of collateral estoppel precludes parties from relitigating specific issues when there is (1) a prior final judgment on an issue that is (2) actually litigated, (3) determined by, and (4) essential to that judgment.[6]

There are two state court orders at issue in this case: (1) an order from the chancery court of Mississippi which found that the transfer of the structured settlement payments was not enforceable because the Mississippi SSPA was not followed; and (2) the Mississippi court of appeals' affirmance of the chancery court's order concluding that there was no enforceable arbitration clause because the contracts were not approved.

As to the first prong, we are satisfied that the state court orders do constitute "final judgments." Under Mississippi law, an appeal may be taken from an order denying a motion to compel arbitration.[7] In other words, Mississippi law treats a denial of a motion to compel arbitration as a final

---

[5] *See Symetra Life Ins. Co. v. Rapid Settlements, Ltd.,* 567 F.3d 754 (5th Cir. 2009), *aff'g Symetra Life Ins. Co. v. Rapid Settlements, Ltd.,* 599 F. Supp. 2d 809 (S.D. Tex. 2008) (the court considered all the related documents as one in effecting the transfer).

[6] *Rodgers v. Moore,* 101 So. 3d 189, 195 (Miss. Ct. App. 2012); *Baker & McKenzie LLP v. Evans*, 123 So. 3d 387, 401 (Miss. 2013).

[7] *Tupelo Auto Sales, Ltd. v. Scott*, 844 So. 2d 1167, 1170 (Miss. 2003).

judgment for appellate purposes. Undoubtedly, a decision by the Mississippi court of appeals is a final decision only reviewable on certiorari to the Mississippi Supreme Court.[8] We find, as the district court found, that the Mississippi court of appeals' order was a final judgment.

Moving to the second prong, the record is clear that the issue of arbitrability under all three agreements was "actually litigated" in the state court proceedings. RSL's motion to compel arbitration explicitly argues to the Mississippi chancery court that under the three agreements and the Federal Arbitration Act the parties must resolve their dispute in arbitration. Additionally, RSL's brief in support of the motion argues that the three agreements and their arbitration clauses are enforceable. Finally, both RSL and Saucier argued the enforceability of the arbitration clauses under all three agreements at oral argument on the motion.

All three contracts were also argued to the Mississippi appellate court. That court correctly identified that, "[t]he question [it] must decide is whether there was a valid and enforceable agreement to arbitrate between Saucier and RSL."[9] In identifying the question on appeal, the Mississippi court did not limit its consideration to only the Amended Transfer Agreement. In fact, the court explicitly recognized that "RSL seeks to enforce arbitration provisions that were contained in (a) the January 27, 2009 Amended Transfer Agreement, (b) the January 27, 2009 Application, and (c) the January 29, 2009 promissory note."[10] Based on the state court record, we are satisfied that the arbitration clauses under all three agreements were "actually litigated" in state court.

---

[8] Miss. R. App. P. 17(a).

[9] *In re Transfer of Structured Settlement Payment Rights ex rel. Saucier*, 130 So. 3d at 1118.

[10] *Id.* at 1119.

Next, under the third prong, we must be satisfied that the arbitration issue was "determined by" the state court final judgments. Again, we base our conclusion on the state court record. Although the state courts did not engage in a comprehensive analysis of the Note and Application in their opinions, both courts knew of their existence (as reflected in the factual background section of their opinions) and determined broadly that RSL could not compel arbitration. As noted in the appellate court's opinion, the chancery court reasoned that "[t]he efforts of RSL to enforce its arbitration clause in this matter violate state law [because they were], as stated by the United States Court of Appeals for the Fifth Circuit, 'a device to bring about an otherwise unlawful transfer.'"[11] The chancery court, therefore, determined that RSL could not enforce its arbitration provisions under the three agreements.

The Mississippi court of appeals affirmed the chancery court's order. The court agreed that RSL's failure to provide Saucier with proper notice as required under the Mississippi SSPA led the chancery court to vacate the approval orders. Because there was no approval order, the court found that "the Amended Transfer Agreement was not 'effective.' Hence, there was no arbitration provision to be enforced."[12] The court went on and broadly stated "there is no valid transfer order." Although RSL is correct that the appellate court did not directly address in the discussion section of its opinion the Note or Application, it did make clear in framing the issue on appeal that it considered all three agreements. The court then concluded that it had "fully and finally decided all issues regarding arbitration . . . ."[13]

---

[11] *Id.* at 1117 (quoting *Symetra Life Ins.,* 567 F.3d at 755) (second alteration in original) (internal quotation marks omitted).

[12] *Id.* at 1121 (internal citation omitted).

[13] *Id.*

No. 13-60854

As to the fourth prong, RSL does not dispute that the issue of arbitrability was essential to the prior judgments. It is clear that the sole issue in denying RSL's motion to compel arbitration was whether there was a valid and enforceable arbitration clause between the parties. The four elements of collateral estoppel under Mississippi law are satisfied.

IV.

Because we find that a Mississippi state court would give preclusive effect to the prior state court judgments, we are obligated under the Full Faith and Credit Clause to give the same effect. We hold, as the district court held, that RSL is precluded from compelling arbitration in federal district court under its three agreements with Saucier. AFFIRMED.