# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00847-COA

IN THE MATTER OF A TRANSFER OF                              APPELLANTS
STRUCTURED SETTLEMENT PAYMENT
RIGHTS BY BENNY RAY SAUCIER: RSL
FUNDING, LLC AND RSL-5B-IL, LTD.

v.

BENNY RAY SAUCIER                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/19/2015 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | KENNETH S. WOMACK<br>E. JOHN GORMAN |
| ATTORNEYS FOR APPELLEE: | TAMEKIA ROCHELLE GOLIDAY<br>SHANTRELL HENDERSON NICKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | ENTERED FINAL JUDGMENT FOR APPELLEE |
| DISPOSITION: | AFFIRMED - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

JAMES, J., FOR THE COURT:

¶1. This case comes up on appeal from an amended final judgment entered by the Harrison County Chancery Court on the issue of damages. In *RSL Funding LLC v. Saucier (In re Transfer of Structured Settlement Payment Rights)*, 130 So. 3d 1108, 1110-17 (¶¶2-43) (Miss. Ct. App. 2013) (*Saucier I*), this case was remanded to the chancery court on the issue of damages. In response to the dissenting opinion, since *Saucier I* was remanded to the

chancery court on the issue of damages, we see no need to remand the present case on the issue of damages. After the remand of *Saucier I*, the chancery court found that RSL Funding LLC and RSL-5B-IL Ltd. ("RSL") had failed to timely plead a claim for damages against Benny Saucier, leaving no unresolved issues to be decided. On appeal, RSL argues that the chancery court erred when it determined that RSL never alleged a claim for damages or filed a pleading as defined by the procedural rules. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In *Saucier I*, RSL argued that the parties' agreement required that their dispute be resolved in arbitration. Before the appeal, the chancery court had determined that the agreement, which contained the arbitration provision, was not effective under the Mississippi Structured Settlement Protection Act ("MSSPA"). On March 26, 2013, we affirmed the chancery court's orders denying RSL's motion to compel arbitration and remanded *Saucier I* for further proceedings on the issue of damages.

¶3.     Post appeal, no action was taken by RSL or Saucier until December 29, 2014, when Saucier filed a motion under Mississippi Rule of Civil Procedure 54 to certify the chancery court's orders that denied arbitration. A hearing was held on the motion, and Saucier made an ore tenus motion to dismiss, claiming that RSL had failed to timely assert its claim for damages. Another hearing was held on February 19, 2015, and the chancery court found in Saucier's favor. The chancellor ruled from the bench: "[T]here's nothing to dismiss because there is no pleading. . . . I just need an order granting judgment in favor of Mr. Saucier." The chancellor also explained that "[j]ust because this court found that [RSL] had a right to

2

pursue damages does not mean that [RSL] ha[s]." On March 26, 2015, the chancellor entered an amended final judgment in favor of Saucier, effective from February 19, 2015. The judgment noted that Saucier's motion to dismiss was moot since RSL had never pled damages. Further, the judgment stated, "The annuity payments which are the subject of this litigation are due and payable to . . . Saucier."

¶4. On February 24, 2015, RSL filed a motion for leave to amend to file a complaint for damages, and, on March 4, 2015, RSL also filed a motion for a new trial or to amend the judgment. After a hearing, the chancery court denied both motions. The chancery court held that RSL's motion for leave to amend was barred by the statute of limitations. RSL now appeals. On appeal, RSL argues that it pled a claim for damages with its September 18, 2009 motion to reconsider the chancery court's order to set aside the transfer agreement.

## STANDARD OF REVIEW

¶5. This Court employs a limited standard of review regarding a chancellor's determinations. *Madison Cty. v. Hopkins*, 857 So. 2d 43, 47 (¶11) (Miss. 2003). "A chancellor's findings will not be disturbed unless he was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id*. (quoting *In re Estate of Johnson*, 735 So. 2d 231, 236 (¶24) (Miss. 1999)). "However, the chancery court's interpretation and application of the law is reviewed under a de novo standard." *Id*. In addition, "[w]e will not reverse a trial judge's decision to deny a motion to amend under Mississippi Rule of Civil Procedure 15 unless the trial judge abused his or her discretion." *Giles v. Stokes*, 988 So. 2d 926, 927 (¶17) (Miss. Ct. App. 2008).

3

## DISCUSSION

**I.    Whether the chancery court erred in entering final judgment for Saucier.**

¶6.    Rule 1 of the Mississippi Rules of Civil Procedure provides that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every action." The advisory committee's note to Rule 1 expounds on this directive:

> The salient provision of Rule 1 is the statement that "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action." There probably is no provision in these rules more important than this mandate; it reflects the spirit in which the rules were conceived and written and in which they should be interpreted. The primary purpose of procedural rules is to promote the ends of justice; these rules reflect the view that this goal can best be accomplished by the establishment of a single form of action, known as a "civil action," thereby uniting the procedures in law and equity through a simplified procedure that minimizes technicalities and places considerable discretion in the trial judge for construing the rules in a manner that will secure their objectives.

M.R.C.P. 1 advisory committee's note.

¶7.    In accord with Rule 1, Mississippi Rule of Civil Procedure 7 provides the types of pleadings under Mississippi law and governs motion practice within the courts:

> **(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer.
>
> **(b) Motions and Other Papers.**
>
> (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

4

(Emphasis added); *see also* 1 Jeffrey Jackson, Donald E. Campbell & Justin L. Matheny, *Mississippi Civil Procedure* § 6:2, at 338 (2016) ("Motions are not pleadings."). Mississippi Rule of Civil Procedure 8 further describes the pleading process within our state:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
>
> > (1) a short and plain statement of the claim showing that the pleader is entitled to relief, *and*,
> >
> > (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

(Emphasis added).

¶8.     In light of these rules, RSL did not plead a claim for damages before the chancery court. While it is evident from the record that the parties and the court were aware of RSL's potential damages claim, RSL never pled a claim for damages in order to seek relief before the chancery court. We recognize that this proceeding began as a seemingly uncontested MSSPA matter. However, RSL needed to plead a claim for its damages. Without a pleading seeking damages, the chancery court could not award RSL damages in the matter.

¶9.     RSL's claim that its motion to reconsider pled a damages claim is unpersuasive under the rules. Rule 7 clearly limits parties to the described type and number of pleadings. A motion is not a pleading; thus, a motion to reconsider cannot plead a new issue of damages. While Mississippi adheres to notice pleading and has abolished technical forms of pleading, notice pleading does not extinguish a party's duty "to place the opposing party on notice of the claim *being asserted.*" *Estate of Stevens v. Wetzel*, 762 So. 2d 293, 295 (¶11) (Miss.

5

2000) (emphasis added).

¶10.    Even when we do not consider Rule 7's distinction between pleadings and motions, RSL's motion to reconsider was not sufficient as a pleading since it did not assert a demand for judgment.  For a pleading to be sufficient, it must satisfy Rule 8's two-part requirement: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and, (2) a demand for judgment for the relief to which he deems himself entitled."  While RSL's motion may have been sufficient to satisfy the first prong of a pleading for damages, it did not satisfy the second prong.  Despite RSL's claim that its mistake in labeling the motion was only clerical, the motion to reconsider was not a pleading and did not seek a recovery of the purported damages.

¶11.    Also, the record demonstrates that, at the time of filling, RSL did not intend for its motion to reconsider to be treated as a pleading for damages.  The motion was filed in response to the chancery court's order setting aside the approval of the transfer to RSL. While the motion discussed Saucier's unjust enrichment because of the money that RSL had allegedly paid to Saucier and on behalf of Saucier, the motion did not plead for recovery of these expenses but instead asked the court to reconsider its order.

¶12.    In addition, RSL did not intend for its motion to reconsider to be treated as a pleading later in the litigation.  Almost a year and a half after filing its motion to reconsider, RSL noted in its response to Saucier's motion for summary judgment that the chancery court was not the proper forum to determine the damages.  In a section entitled "**E. Saucier is Liable to RSL Funding for Damages**," RSL argued:

6

> The next issue is whether it is proper for this Court to determine the nature and extent of damages owed by Saucier. *The RSL Entities believe it is not* because the arbitration provisions contained in the three aforementioned documents require an arbitrator to make that determination. *Furthermore, if the RSL Entities proceed in the state court matter to obtain the damages* from Saucier for his willful and intentional conduct in breaching the contracts, *the RSL Entities will be waiving their right to arbitration.*

(Emphasis added).[1] Thus, as of this response on February 25, 2011, RSL believed that it had not "proceed[ed] in the state court . . . to obtain damages from Saucier." RSL, regardless of the fact that it did not initiate the related actions filed in federal court, made a strategy decision to pursue its claims for damages in arbitration through whatever means available. It is only after adverse rulings by this Court, the District Court for the Southern District of Mississippi, and the United States Court of Appeals for the Fifth Circuit that RSL now argues that its motion to reconsider was a pleading for damages. *See Saucier v. Aviva Life & Annuity Co.*, No. 1:10CV429-HSO-JMR, 2013 WL 5537347, at *7 (S.D. Miss. Nov. 4, 2013) (giving preclusive effect to this Court's ruling on the issue of arbitration in *Saucier I*), *aff'd*, 589 F. App'x 701 (5th Cir. 2014) (same).

¶13.　Further, RSL had notice from the chancery court that it had not pled a claim for damages. On June 22, 2010, after the chancery court denied RSL's motion to reconsider, the chancery court stated in an order:

---

[1] Neither of the Fifth Circuit opinions cited by RSL in its response to the motion for summary judgment suggests that a party will waive its right to arbitration by alternatively pleading a damages claim in state court in order to protect its future interests should the party eventually be denied arbitration. *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) ("There is a strong presumption against waiver of arbitration."); *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 496 (5th Cir. 1986) (finding waiver of arbitration only after party "attempt[ed] to arbitrate [three and one-half] years later, after losing in court").

7

*Repeatedly, this Court has informed RSL that it has the right* to pursue Saucier for its reasonable damages[]sums expended in satisfying a state tax lien, an advance on the payoff for the transfer of the structured settlement, a television, and reasonable attorney[']s fees, but as a result of the prior rulings in this matter, the Texas arbitration court is not the proper forum to do so.

(Emphasis added). Additionally, on June 17, 2011, the chancery court entered an order, stating, "This Court has previously held that RSL is entitled to damages as a result of the expenses it incurred and/or paid to or on behalf of Saucier." RSL now argues that these orders are sufficient for him to recover the damages. There is a difference between orders "inform[ing]" a party of a "right" to recover damages and recognizing that a party "is entitled to damages," and the party actually pursuing the damages that the party is entitled to recover. A pleading enables a court to award a party monetary damages. Rule 54(c) limits a court's ability to award monetary damages without a pleading: "[F]inal judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings." M.R.C.P. 54(c).[2]

¶14. To hold that RSL's discussion of potential damages in its motion to reconsider effectively pled damages would be inconsistent with the purpose of the rules of civil

---

[2] The advisory committee's note to Rule 54 provides:

Rule 54(c) must be read in conjunction with Rule 8, which requires that every pleading asserting a claim include a demand for the relief to which the pleader believes himself entitled. Thus, Rule 54(c) applies to any demand for relief, whether made by defendant or plaintiff or presented by way of an original claim, counter-claim, cross-claim, or third[-]party claim. A default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded.

M.R.C.P. 54(c) advisory committee's note.

procedure. RSL filed its initial petition in February 2009, its motion to reconsider in September 2009, and its response to the motion for summary judgment in February 2011. In 2015—six years after its initial petition and four years after its response to the motion for summary judgment—RSL, for the first time, claimed that it had pled a claim of relief for damages. No pleading, though, exists in the record. The advisory committee's note to Rule 1 makes it clear that one of "the primary purposes of procedural rules is to promote the ends of justice . . . through a simplified procedure." The rules would not simplify a case's procedure if motions were considered pleadings, and courts had the duty to make certain that each motion before them did not add to the pleadings in the case. Even though this case began as an MSSPA matter, RSL had the obligation to plead for its damages.

¶15.   Because RSL never pled a claim for damages, the chancery court's entry of final judgment in favor of Saucier was proper.[3]

II.     **Whether the chancery court erred in denying RSL's motion for leave to amend.**

¶16.   Mississippi Rule of Civil Procedure 15(a) provides that "[a] party may amend a pleading as a matter of course at any time before a responsive pleading is served." Here, without an initial pleading, we turn to a further provision of Rule 15(a): "Otherwise a party may amend a pleading only by leave of court . . . ; leave shall be freely given when justice

---

[3] Our holding today is limited to the facts of the case before us. It does not preclude a future finding by a trial court that a motion might sufficiently plead a cause of action or a claim of damages. The advisory committee's note to Rule 1 "places considerable discretion in the trial judge for construing the rules in a manner that will secure their objectives." As has been discussed, RSL's motion to reconsider simply fails to plead a claim for damages.

so requires." Leave to amend should be freely given by the court "[i]n the absence of any apparent or declared reason[—]such as . . . futility of the amendment." *Moeller v. Am. Guar & Liab. Ins.*, 812 So. 2d 953, 962 (¶28) (Miss. 2002) (quotation omitted).

¶17. The parties agree that RSL's claim for damages is subject to the general three-year statute of limitations. Miss. Code Ann. § 15-1-49 (Rev. 2012). In 2009, RSL purportedly advanced Saucier $6,500, purchased him a television, and paid a Mississippi state tax lien on Saucier's behalf. RSL's damages accrued in 2009, and the statute of limitations on the claim ran in 2012. Thus, RSL's "Motion for Leave to Amend to Assert a Complaint for Damages," filed on February 24, 2015, is barred by the applicable statute of limitations, section 15-1-49, and the chancellor did not abuse his discretion in denying the motion. In addition, as RSL did not plead a claim for damages and leave to file a complaint was denied, RSL is not entitled to now pursue a claim for its attorney's fees.[4]

**CONCLUSION**

¶18. RSL failed to plead a claim for its damages. The chancery court properly entered final judgment in favor of Saucier. The chancellor did not abuse his discretion in denying RSL's motion for leave to amend as the statute of limitations barred the motion.

¶19. **THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING, P.J., ISHEE, CARLTON AND GREENLEE, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY**

---

[4] RSL filed a motion to strike portions of Saucier's brief and record excerpts on the issue of res judicata. Because this motion does not affect the merits of our opinion, we deny the motion to strike.

**BARNES, FAIR AND WILSON, JJ.**

**GRIFFIS, P.J., DISSENTING:**

¶20. On remand, the chancellor found that RSL had failed to timely plead a claim for damages against Saucier. The majority affirms. I disagree and dissent.

¶21. The majority is correct to state the legal principle that "[w]hile Mississippi adheres to notice pleading and has abolished technical forms of pleading, notice pleading does not extinguish a party's duty 'to place the opposing party on notice of the claim *being asserted*.'" Maj. Op. at (¶9) (emphasis by the majority) (quoting *Estate of Stevens v. Wetzel*, 762 So. 2d 293, 295 (¶11) (Miss. 2000)). Unfortunately, neither the chancellor nor the majority adheres to this principle.

¶22. This matter has been the subject of much litigation. In the earlier appeal of this case, this Court included a detailed description of the litigation that had occurred to that point. *RSL Funding LLC v. Saucier* (*In re Transfer of Structured Settlement Payment Rights*), 130 So. 3d 1108 (Miss. Ct. App. 2013) (*Saucier I*). The opinion specifically pointed to several pleadings that indicated that the parties were aware that there was a claim for an award of "damages" to RSL:

> At the August 6 hearing, counsel for Saucier and RSL argued. No testimony was presented. On September 8, 2009, the chancellor entered an order on the motion to dissolve. The chancellor found that: (1) RSL "failed to comply with all of the provisions of the MSSPA," and (2) RSL "did not give notice of the hearing to Saucier due to an alleged waiver, and notice cannot be waived pursuant to the MSSPA." *The chancellor ordered "this matter to be set for a hearing on damages* and all evidentiary matters."
>
> . . . .

11

In March 2010, RSL filed a demand for arbitration. *RSL sought to resolve the dispute about damages that related to RSL's breach-of-contract claim against Saucier.* RSL also filed an interpleader action in federal court to determine the amount of the federal tax lien.

. . . .

On June 22, 2010, the chancellor entered an order that denied RSL's motion to set aside the ex parte order, and he extended the arbitration injunction. The chancellor found that when the court set aside the orders that approved the transfer, the agreement between Saucier and RSL became unenforceable, and the arbitration provisions became void. *The chancellor further found that* when the court overturned Amended Order II, and RSL did not appeal, *the only issue left to resolve was the award of damages.* The chancellor held that the Transfer Order was no longer in force as of March 12, 2009.

. . . .

On November 23, 2010, Saucier filed a motion for a declaratory judgment. Saucier asked the chancellor to declare that the transfer was not valid[;] a transfer would not be in Saucier's best interest; and Saucier was the exclusive owner of the annuity contract. *Saucier also asked the chancellor to determine what damages, if any, he owed RSL and to rule that Saucier owed no duties to RSL under transfer agreement, Mississippi law, or federal law.* Saucier also asked the chancellor to declare that RSL was liable to Saucier for costs, attorney's fees, and interest payments because it had failed to comply with the MSSPA and had engaged in litigation abuse under Rule 11 of the Mississippi Rules of Civil Procedure.

. . . .

On March 4, 2011, RSL filed its response in opposition to Saucier's motion for summary judgment and moved to stay the state court proceedings and refer the case to arbitration. RSL argued that Saucier was given notice and a valid transfer existed. RSL also claimed that it was entitled to the Assigned Payments and that the transfer was in Saucier's best interest. *RSL claimed that Saucier was liable to RSL for damages and that the issue of damages should be resolved by the arbitrator.* Finally, RSL argued that its demand for arbitration was not frivolous and, as such, it did not owe Saucier damages.

. . . .

12

ANALYSIS

I.      *Whether this Court has appellate jurisdiction over this issue.*

This Court must first consider whether it has jurisdiction to consider this appeal.  We recognize that the chancellor has yet to enter a final judgment.  The June 17, 2011 order was not a final order.  *Paragraph 3 specifically states that RSL is entitled to an award of damages*.  In addition, paragraphs 4 and 9 indicate that the issue of Rule 11 sanctions has not been determined; instead, the chancellor only decided that summary judgment was not proper.

. . . .

We have jurisdiction to consider this appeal because the Mississippi Supreme Court has held that "any final decision with respect to arbitration is appealable to this Court pursuant to Mississippi Rules of Appellate Procedure 3 and 4." *Sawyers v. Herrin-Gear Chevrolet Co.*, 26 So. 3d 1026, 1034 (¶19) (Miss. 2010).  This appeal is limited to a review of whether the chancellor erred in the June 17, 2011 order when he denied RSL's motion to compel arbitration and issued a permanent injunction against further efforts to arbitrate.  *We do not address the issue of damages* or attorney's fees allowed under Rule 11 of the Mississippi Rules of Civil Procedure; such claims are remanded to the Chancery Court of Harrison County for further proceedings consistent with this opinion.

*Saucier I*, 130 So. 3d at 1113-17 (¶¶25, 30, 36, 38, 40, 44 & 46) (emphasis added).

¶23.   I have reviewed the pleadings filed in this litigation thoroughly.  There is no doubt that the issue of damages to be awarded to RSL has been litigated by the parties and considered by the chancellor.  The most compelling reason to reject the chancellor's and the majority's decision is that Saucier, on November 23, 2010, filed a motion for a declaratory judgment.  In this request for a declaratory judgment, Saucier asked the chancellor to determine what damages, if any, he owed RSL.

¶24.   I conclude that under Mississippi Rule of Civil Procedure 15(b), the issue of damages owed to RSL has been asserted and, at a minimum, has been "tried by expressed or implied

13

consent of the parties." Therefore, "[it] shall be treated in all respects as if [it] had been raised in the pleadings." *Id.*

¶25. For these reasons, I would reverse and remand this case for the chancellor to consider what damages are owed RSL.

**BARNES, FAIR AND WILSON, JJ., JOIN THIS OPINION.**