GRIFFIS, P.J.,
DISSENTING:
¶20. On remand, the chancellor found that RSL had failed to timely plead a claim for damages against Saucier. The majority affirms. I disagree and dissent.
¶ 21. The majority is correct to state the legal principle that “[wjhile Mississippi adheres to notice pleading and has abolished technical forms of pleading, notice pleading does not extinguish a party’s duty ‘to place the opposing party on notice of the claim being asserted.’ ” Maj. Op. at (¶ 9) (emphasis by the majority) (quoting Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss. 2000)). Unfortunately, neither the chancellor nor the majority adheres to this principle.
¶ 22. This matter has been the subject of much litigation. In the earlier appeal of this case, this Court included a detailed description of the litigation that had occurred to that point. RSL Funding LLC v. Saucier (In re Transfer of Structured Settlement Payment Rights), 130 So.3d 1108 (Miss. Ct. App. 2013) (Saucier I). The opinion specifically pointed to several pleadings that indicated that the parties were aware that there was a claim for an award of “damages” to RSL:
At the August 6 hearing, counsel for Saucier and RSL argued. No testimony was presented. On September 8, 2009, the chancellor entered an order on the motion to dissolve. The chancellor found that: (1) RSL “failed to comply with all of the provisions of the MSSPA,” and (2) RSL “did not give notice of the hearing to Saucier due to an alleged waiver, and notice cannot be waived pursuant to the MSSPA.” The chancellor ordered “this matter to be set for a hearing on damages and all evidentiary matters.”
[[Image here]]
In March 2010, RSL filed a demand for arbitration. RSL sought to resolve the dispute about damages that related to RSL’s breach-of-contract claim against Saucier. RSL also filed an interpleader action in federal court to determine the amount of the federal tax lien.
[[Image here]]
On June 22, 2010, the chancellor entered an order that denied RSL’s motion to set aside the ex parte order, and he extended the arbitration injunction. The chancellor found that when the court set aside the orders that approved the transfer, the agreement between Saucier and RSL became unenforceable, and the arbitration provisions became void. The chancellor further found that when the court overturned Amended Order II, and RSL did not appeal, the only issue left to resolve was the award of damages. The chancellor held that the Transfer Order was no longer in force as of March 12, 2009.
[[Image here]]
On November 23, 2010, Saucier filed a motion for a declaratory judgment. Saucier asked the chancellor to declare that the transfer was not valid[;] a transfer would not be in Saucier’s best interest; and Saucier was the exclusive owner of the annuity contract. Saucier also asked the chancellor to determine what damages, if any, he owed RSL and to rule that Saucier owed no duties to RSL under transfer agreement, Mississippi law, or federal law. Saucier also asked the chancellor to declare that RSL was liable to Saucier for costs, attorney’s fees, and interest payments because it had failed to comply with the MSSPA and had engaged in litigation abuse under Rule 11 of the Mississippi Rules of Civil Procedure.
[[Image here]]
*697 On March 4, 2011, RSL filed its response in opposition to Saucier’s motion for summary judgment and moved to stay the state court proceedings and refer the case to arbitration. RSL argued that Saucier was given notice and a valid transfer existed. RSL also claimed that it was entitled to the Assigned Payments and that the transfer was in Saucier’s best interest. RSL claimed that Saucier was liable to RSL for damages and that the issue of damages should be resolved by the arbitrator. Finally, RSL argued that its demand for arbitration was not frivolous and, as such, it did not owe Saucier damages.
[[Image here]]
ANALYSIS

I. Whether this Court has appellate jurisdiction over this issue.

This Court must first consider whether it has jurisdiction to consider this appeal. We recognize that the chancellor has yet to enter a final judgment. The June 17, 2011 order was not a final order. Paragraph S specifically states that RSL is entitled to an award of damages. In addition, paragraphs 4 and 9 indicate that the issue of Rule 11 sanctions has not been determined; instead, the chancellor only decided that summary judgment was not proper.
[[Image here]]
We have jurisdiction to consider this appeal because the Mississippi Supreme Court has held that “any final decision with respect to arbitration is appealable to this Court pursuant to Mississippi Rules of Appellate Procedure 3 and 4.” Sawyers v. Herrin-Gear Chevrolet Co., 26 So,3d 1026, 1034 (¶ 19) (Miss. 2010). This appeal is limited to a review of whether the chancellor erred in the June 17, 2011 order when he denied RSL’s motion to compel arbitration and issued a permanent injunction against further efforts to arbitrate. We do not address the issue of damages or attorney’s fees allowed under Rule 11 of the Mississippi Rules of Civil Procedure; such claims are remanded to the Chancery Court of Harrison County for further proceedings consistent with this opinion.
Saucier I, 130 So.3d at 1113-17 (¶¶ 25, 30, 36, 38, 40, 44 & 46) (emphasis added).
¶ 23.1 have reviewed the pleadings filed in this litigation thoroughly. There is no doubt that the issue of damages to be awarded to RSL has been litigated by the parties and considered by the chancellor. The most compelling reason to reject the chancellor’s and the majority’s decision is that Saucier, on November 23, 2010, filed a motion for a declaratory judgment. In this request for a declaratory judgment, Saucier asked the chancellor to determine what damages, if any, he owed RSL.
¶24. I conclude that under Mississippi Rule of Civil Procedure 15(b), the issue of damages owed to RSL has been asserted and, at a minimum, has been “tried by expressed or implied consent of the parties.” Therefore, “[it] shall be treated in all respects as if [it] had been raised in the pleadings.” Id.
¶ 25. For these reasons, I would reverse and remand this case for the chancellor to consider what damages are owed RSL.
BARNES, FAIR AND WILSON, JJ., JOIN THIS OPINION.