960 So.2d 495 (2006)
Earnestine RUSSELL, Individually and On Behalf of the Wrongful Death Beneficiaries of Dennis E. Wilson, Deceased; and George Jean Hayes, Individually and on Behalf of the Wrongful Death Beneficiaries of Mario Hayes, Deceased, Appellants,
v.
FORD MOTOR COMPANY, Appellee.
No. 2005-CA-01299-COA.
Court of Appeals of Mississippi.
October 17, 2006.
Rehearing Denied April 17, 2007.
*496 Sara Bailey Russo, Deborah McDonald, David M. Read, Clarksdale, attorneys for appellants.
J. Stephen Kennedy, Bradley S. Clanton, Walker (Bill) Jones, Barry W. Ford, Jackson, attorneys for appellee.
Before Lee, P.J., CHANDLER, and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On February 24, 2002, Dennis Wilson and Mario Hayes were killed in a car accident on County Road 168 near Louin, Mississippi. Wilson lost control of his vehicle, *497 and the vehicle struck a tree after running off the road. The airbags in Wilson's 1996 Ford Taurus did not deploy. A post-accident inspection revealed that the Taurus had no driver's side airbag and the passenger's side airbag was electronically detached and inoperable.
¶ 2. The Taurus had been previously owned by Carolyn Chestnutt, who bought the vehicle new on October 3, 1996. On March 17, 1997, Chestnutt rear-ended another vehicle, and both airbags properly deployed. In a deposition she testified that she did not have the airbags reinstalled. Instead she stuffed the driver's side airbag back into the steering wheel and taped it with duct tape. Chestnutt also stuffed the passenger's side airbag back into its compartment and clamped the cover back onto the dash. Chestnutt testified that the airbag warning light stayed illuminated after the wreck for the four remaining years she owned the vehicle. After falling behind on her payments under her bankruptcy plan, Chestnutt voluntarily relinquished ownership of the Taurus in February of 2001 to Ford Motor Credit Company (FMCC), which had financed the purchase of the vehicle.
¶ 3. FMCC took possession of the Taurus and then turned it over to Ford Motor Company (Ford) for sale at the Mississippi Auto Auction (Auction). FMCC did not perform or direct anyone to perform any work or repairs on the subject vehicle. Any repairs that would have been performed on the Taurus would have been determined by Ford's area manager, Sherman Henderson. Henderson decided what repairs would be performed on each Ford vehicle that came through the Auction, in addition to approving the sale of vehicles during the auction process. Henderson based his decision on the condition reports prepared by Auction inspectors and on his own inspection of the car. If he found something worthy of repair, then he ordered the Auction to perform the work. The condition report prepared for the Taurus contained a legible notation stating "airbags deployed." Henderson did not make the determination about whether to repair the Taurus. The Auction decided not to make any repairs to the Taurus. It was merely washed, vacuumed, and given three dollars worth of gasoline. FMCC was charged for the inspection, cleanup, and addition of gas to the vehicle.
¶ 4. Willie Overby, owner of Easy Ride Auto Sales, purchased the Taurus from the Auction on March 12, 2001.[1] The auctioneer mentioned that the vehicle had frame damage and "airbag deployed" was written on the windshield of the vehicle. The bill of sale also contained notations about the frame damage and the deployment of the airbags. A sticky residue was still on the steering wheel from the duct tape Chestnutt had used. Overby then sold the vehicle to Wilson on June 2, 2001.
¶ 5. On December 30, 2002, Earnestine Russell (Russell), individually and on behalf of the wrongful death beneficiaries of Wilson, filed suit in the Circuit Court of the Second Judicial District of Jasper County against Ford and Overby. George Jean Hayes (Hayes), individually and on behalf of the wrongful death beneficiaries of Mario Hayes, filed suit on the same day against Ford, Overby, and the estate of Wilson.
¶ 6. In their complaints Russell and Hayes asserted claims of strict liability, negligence, negligent misrepresentation, breach of implied warranties and gross negligence against Ford and Overby. The plaintiffs sought to hold Ford liable only for its conduct prior to the sale of the car. *498 The complaints alleged that Ford should be held strictly liable for its defective design of the Taurus's steering system, for not putting anti-lock brakes on the vehicle, and for not equipping the vehicle with a warning system to alert drivers to malfunctions in the airbag safety system. The complaints also alleged that Ford negligently designed and manufactured the vehicle and negligently misrepresented to the decedents that the vehicle was equipped with properly functioning airbag, braking, and steering systems. The breach of implied warranties and gross negligence claims were merely variations of the foregoing claims.
¶ 7. The two lawsuits were eventually consolidated. On March 31, 2004, Hayes filed an amended complaint adding FMCC as a defendant. On April 2, 2004, Russell also amended her complaint to add FMCC as a defendant. Russell and Hayes asserted claims of strict liability, negligence, negligent misrepresentation, breach of implied warranties, and gross negligence against FMCC for failing to properly inspect and repair the Taurus and for failing to adequately warn about the defects of the vehicle. The trial court granted the motions.
¶ 8. On February 4, 2005, Ford filed a motion for summary judgment. The trial court granted the motion for summary judgment and dismissed Ford from the case with prejudice on June 2, 2005. The trial court found that the plaintiffs' claims against Ford only related to the vehicle at the time it was sold in 1996, not to the sale of the vehicle at the Auction. The court ruled that the plaintiffs, in opposing the motion, relied solely upon the allegations in their complaints and put forth no proof or sworn testimony in their response to Ford's motion for summary judgment showing that the airbag warning system was defective. The court also held that the plaintiffs failed to bring forward any evidence during discovery demonstrating that the vehicle's steering system or brakes were defective when the vehicle left Ford's control.
¶ 9. However, on February 25, 2005,[2] the day after the statutory period expired, the plaintiffs filed a motion for leave of court to amend their complaints to conform to the evidence. The plaintiffs were attempting to add new negligence claims against Ford for its role in the sale of the vehicle at the Auction. They asserted in their motions that Ford was negligent in failing to adequately inspect and repair the Taurus. They also contended that Ford failed to adequately warn the buying public about the inoperative airbags. The plaintiffs also sought to amend the claims in their complaint against FMCC, but the allegations in the motion regarding FMCC were virtually identical to those in their first amended complaints.
¶ 10. On July 22, 2005, the trial court entered an order granting the plaintiffs' motions with respect to FMCC, but denying them with respect to Ford.[3] The court found the new claim against Ford to be time-barred by the three-year statute of limitations. Miss.Code Ann. § 15-1-49 (Rev.2003). Moreover, the court held that this new claim the plaintiffs desired to assert against Ford did not arise out of the same "conduct, transaction or occurrence" set forth in the plaintiffs' first amended complaints. See M.R.C.P. 15(c). The court reasoned as follows:
[T]he claims in the current amended complaints against Ford only concern *499 the alleged condition of the subject Taurus at the time it originally left Ford's control and was sold in October of 1996. On the other hand, the proposed second amended complaint seeks to hold Ford liable for negligence as to the treatment and sale of the subject Taurus at the Auction in June of 2001. . . . The facts underlying these events are in no way common, thus the new claims in the proposed second amended complaints present a unique and entirely different factual situation as to Ford than the current amended complaints.
¶ 11. The plaintiffs only appealed the trial court's granting of Ford's summary judgment motion. They did not appeal the trial court's partial denial of their motions for leave to amend. However, they seek appellate review of this order and argue that the lower court abused its discretion in partially denying their motions for leave to amend. Accordingly we will address both assignments of error: (1) whether the trial court erred in granting Ford's motion for summary judgment, and (2) whether the trial court erred in partially denying the plaintiffs' motions for leave to amend.

DISCUSSION
I. DID THE TRIAL COURT ERR IN GRANTING FORD'S MOTION FOR SUMMARY JUDGMENT?
¶ 12. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). We will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant "fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987).
¶ 13. Russell[4] argues in her brief that the trial court erred in granting Ford's motion for summary judgment, but her argument is based on the evidence revealed during discovery of the negligence of Ford's area manager, Henderson, in connection with the sale of the vehicle at the Auction. The trial court granted summary judgment in favor of Ford on the product liability claims Russell asserted against Ford in the amended complaints. Russell was denied leave by the trial court to amend the complaints and add these separate negligence claims against Ford. Russell's sole argument on appeal discusses Ford's negligence in failing to train Henderson properly, failing to inspect the Taurus properly at the auction facility, and failing to ensure the safekeeping of the Taurus at the auction facility. Since the trial court did not allow Russell to amend the complaint, the particular issues postulated *500 in the proposed amended complaint were not substantively before the court. In the absence of meaningful argument or citation of authority, this Court generally will not consider the assignment of error. Brown v. Houston Sch. Dist., 704 So.2d 1325, 1327 (¶ 12) (Miss.1997). Russell has waived this issue for appellate purposes.
¶ 14. Even considering this issue alternatively on the merits, we find it to be without merit. Russell has failed to bring forth any evidence or sworn testimony demonstrating that the airbag safety system, the steering system or brakes on the 1996 Taurus were defective in any respect. In fact, Russell's own airbag expert tested the airbag warning system after the accident and found that it functioned properly. Establishing that one of these components was defective when it left Ford's control in 1996 is an essential element of every one of Russell's claims against Ford. Because Russell has failed to make a sufficient showing on this material fact the granting of summary judgment was appropriate.
II. DID THE TRIAL COURT ERR IN PARTIALLY DENYING RUSSELL'S MOTIONS FOR LEAVE TO AMEND?
¶ 15. We first note that Ford argues that Russell's failure to file a notice of appeal of the trial court's partial denial of their motions for leave to amend precludes appellate review of this issue. However, the denial of a motion by a trial court may be implied by the entry of a final judgment. Harrison v. B.F. Goodrich Co., 881 So.2d 288, 293(¶ 21) (Miss.Ct. App.2004). The trial court's granting of Ford's motion for summary judgment was a final judgment since it dismissed Ford from the case. The dismissal of Ford from the case was in effect a denial of the plaintiffs' motion for leave to amend with respect to the negligence claims against Ford which Russell sought to add to the complaints. The trial court even mentioned in its order granting Ford's motion for summary judgment that the negligence claims against Ford for its role in the sale of the vehicle at the Auction were barred by the three-year statute of limitations. Therefore, we will address this issue.
¶ 16. The standard of review for motions of leave to amend is abuse of discretion. Bracey v. Sullivan, 899 So.2d 210, 212(8) (Miss.Ct.App.2005). The trial court did not abuse its discretion in partially denying the motions for leave to amend based on the fact that the statutory period expired the day before the motions were filed. The amended complaints Russell was proposing would have been filed after the statutory period expired and, consequently, would have been time-barred.
¶ 17. The trial court also did not abuse its discretion in holding that Russell's proposed amendments did not qualify under Rule 15(c) of the Mississippi Rules of Civil Procedure. Rule 15(c) states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." M.R.C.P. 15(c). In other words, an amendment relates back to the time of the filing of the original pleading and suspends the running of the statute of limitations against the amendment, so long as the amendment does not create a new cause of action. Bracey, 899 So.2d at 213(¶ 12). The claims asserted in the amended pleading and the original pleading must arise out of "the same nucleus of common facts." Kiddy v. Lipscomb, 628 So.2d 1355, 1357 (Miss.1993). Moreover, "`[t]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; *501 although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading.'" Parker v. Miss. Game & Fish Comm'n, 555 So.2d 725, 731 (Miss.1989) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1497 at 495 (1971)).
¶ 18. Russell's proposed amendments fail the "identity of transaction test." The "conduct, transaction or occurrence" that gave rise to Russell's original claims against Ford was the designing and manufacturing of the 1996 Taurus, as well as the representations Ford made to the general public regarding the quality and safety of the vehicle. On the other hand, the "conduct, transaction or occurrence" that forms the basis of Russell's proposed amendments was the failure of Ford's area manager, Henderson, to inspect and repair the vehicle, as well as his failure to adequately warn the buying public about the inoperable airbags. These events are completely separate and distinct and, therefore, give rise to separate and distinct causes of action. Because the proposed amendments do not relate back to their original complaint we will not discuss whether Ford was put on notice regarding these separate negligence claims.
¶ 19. Russell had ample time to amend the complaints before the statutory period expired. Henderson's deposition was taken on October 7, 2004, almost five months before the three-year statute of limitations ran on February 24, 2005. Russell was then aware that they had a potential claim against Ford for negligently failing to inspect and repair the vehicle, as well as for failing to adequately warn purchasers of the inoperable airbag safety system. Yet Russell waited until the day after the statutory period expired to file their motion for leave to amend their complaints and add these separate negligence claims.
¶ 20. For the reasons set forth above, this Court finds that the Jasper County Circuit Court did not err in granting summary judgment to Ford and did not abuse its discretion in partially denying the plaintiffs' motions for leave to amend. Therefore, we affirm.
¶ 21. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
NOTES
[1] FMCC received the money from the sale because it still owned the vehicle.
[2] The motions are dated February 24, 2005, but they are stamped as having been filed on February 25, 2005.
[3] The suit against FMCC is still pending in Jasper County Circuit Court.
[4] Hayes did not submit a brief, but joined in Russell's brief pursuant to Rule 28(i) of the Mississippi Rules of Appellate Procedure.