988 So.2d 926 (2008)
Jimmy D. GILES, Appellant
v.
Kenneth I. STOKES, Appellee.
No. 2007-CP-01075-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Victor Israel Fleitas, Tupelo, attorney for appellant.
Pieter John Teeuwissen, Ridgeland, James Richard Davis, Gulfport, attorneys for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
*927 GRIFFIS, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On March 6, 2001, Jimmy D. Giles appeared before the City Council for the City of Jackson. Giles requested and was granted permission to speak. The subject of Giles's speech was Councilman Kenneth I. Stokes. Eventually a shouting match ensued, and a recess was called. Giles was removed from City Hall.
¶ 2. The March 6th encounter resulted in the filing of two separate affidavits with the Municipal Court of the City of Jackson. In his affidavit, filed on March 8, 2001, Giles stated that Councilman Stokes "disturbed the public peace or peace of others by the use of violent, loud or offensive conduct or language, by preventing Jimmy Giles from speaking at a city council meeting by repeatedly interrupting his speech." In Councilman Stokes's affidavit, filed on March 22, 2001, Councilman Stokes charged Giles with breach of the peace and disruption of a public meeting.
¶ 3. On April 3, 2001, Giles dismissed his affidavit. On April 4, 2001, Councilman Stokes's affidavit was transferred to the Hinds County Justice Court. On June 8, 2001, the justice court dismissed the case.
¶ 4. On May 20, 2002, Giles filed a pro se complaint in the Circuit Court of Hinds County against Councilman Stokes. Giles's complaint alleged claims against Councilman Stokes for malicious prosecution, abuse of process, false arrest, intentional infliction of emotional distress, libel, and slander. Councilman Stokes's responsive pleading was filed on June 19, 2002, by the city attorney's office. The responsive pleading was an answer and a motion to dismiss. One defense asserted in Councilman Stokes's answer was that the action was barred by the Mississippi Tort Claims Act. Giles filed his response to the motion to dismiss on June 26, 2002.
¶ 5. Nothing further occurred until November 11, 2004, when Councilman Stokes filed an amended motion to dismiss. In the amended motion, Councilman Stokes reasserted his previous motion and also argued that the complaint should be dismissed for failure to prosecute. Giles responded on November 15, 2004, and filed a motion for additional time to obtain counsel to make a more thorough response. The circuit court granted Giles's motion for additional time.
¶ 6. On December 15, 2004, approximately two and a half years after the initial complaint, Giles filed a motion to amend his complaint. During oral argument, Giles's attorney admitted that his client's pro se complaint was fatally flawed under the Mississippi Tort Claims Act. As a result, Giles asked for leave to amend the complaint and add a federal claim under 42 U.S.C. § 1983 (2000) that alleged that Councilman Stokes had violated Giles's constitutional right to free speech. The circuit court denied Giles's motion to amend and dismissed the case.

ANALYSIS
¶ 7. The only issue raised on appeal is whether the circuit court erred in denying Giles's motion to amend his complaint. Our standard of review is abuse of discretion. We will not reverse a trial judge's decision to deny a motion to amend under Mississippi Rule of Civil Procedure 15 unless the trial judge abused his or her discretion. Simmons v. Thompson Mach. of Miss., Inc., 631 So.2d 798, 800-01 (Miss. 1994).
¶ 8. Giles argues that the circuit court abused its discretion by not allowing him to amend his complaint because the rule requires that amendments be liberally allowed. See Frank v. Dore, 635 So.2d 1369, *928 1375-76 (Miss.1994). Councilman Stokes responds that the statute of limitations had already run on Giles's proposed claim under 42 U.S.C. § 1983. Thus, Councilman Stokes argues that Giles's claim was time-barred, and the circuit court properly denied Giles's motion to amend because his new claim did not relate back under Mississippi Rule of Civil Procedure 15(c).
¶ 9. First, we must determine if Giles's claim is time-barred. The Mississippi Supreme Court has held that:
in § 1983 actions lower courts should apply a state's residual statute of limitation for personal injury actions, rather than the statute of limitation for certain enumerated intentional torts. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).... In Mississippi, the applicable statute is Miss.Code Ann. § 15-1-49.
Bankston v. Pass Rd. Tire Ctr., Inc., 611 So.2d 998, 1003-04 (Miss.1992). Mississippi's residual statute of limitations for personal injury actions is three years. Miss. Code Ann. § 15-1-49 (Rev.2003). Thus, under Mississippi law, Giles was required to file his complaint within three years of the date his action accrued in order to be within the statute of limitations. The United States Supreme Court has recently held that:
While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.... Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is "the standard rule that [accrual occurs] when the plaintiff has `a complete and present cause of action.'"
Wallace v. Kato, ___ U.S. ___, ___, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007) (citations omitted).
¶ 10. In his proposed amended complaint, Giles accused Councilman Stokes of throwing him out of a city council meeting and violating his right to free speech on March 6, 2001. Giles's § 1983 action accrued on March 6, 2001. Giles filed his motion to amend three years and nine months after this date on December 15, 2004. Therefore, we find that Giles's cause of action is time-barred, and we must determine if it relates back under Mississippi Rule of Civil Procedure 15(c).[1]
¶ 11. We have previously dealt with a similar situation in Russell v. Ford Motor Company, 960 So.2d 495 (Miss.Ct.App. 2006). While discussing whether or not a cause of action relates back, this Court held that:
an amendment relates back to the time of the filing of the original pleading and suspends the running of the statute of limitations against the amendment, so long as the amendment does not create a new cause of action. The claims asserted in the amended pleading and the original pleading must arise out of "the same nucleus of common facts." Moreover, "[t]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim *929 or defense raised by the amended pleading."
Id. at 500-01(¶ 17) (citations omitted).
¶ 12. Giles's proposed amendment does not satisfy the requirements listed in Russell. First, Giles's proposed amendment does not pass the "identity of transaction test." Giles's original complaint raised claims for malicious prosecution, abuse of process, false arrest, intentional infliction of emotional distress, libel, and slander. Each of these claims arose from Giles's arrest after he was escorted from the city council meeting. Furthermore, none of these claims assert a violation of Giles's right to free speech. Giles proposed to add a claim under § 1983, which involved a violation of his constitutional right to free speech. The claims asserted in Giles's original complaint bear no relation to the claims asserted in his amended complaint. We cannot say that the causes of action in Giles's two pleadings "arise out of `the same nucleus of common facts.'" Russell, 960 So.2d at 500(¶ 17) (quoting Kiddy v. Lipscomb, 628 So.2d 1355, 1357 (Miss. 1993)).
¶ 13. Furthermore, we cannot say that Councilman Stokes had "been put on notice regarding the claim ... raised by the amended pleading." Id. at 501(¶ 17) (citation omitted). As a result, we hold that Giles's proposed amendment cannot relate back to his original complaint and is time-barred. Thus, we find that the Hinds County Circuit Court did not abuse its discretion in denying Giles's motion to amend.
¶ 14. We note that on appeal, Giles does not argue that the circuit court erred when it dismissed the common-law claims found in his original complaint. Giles also does not list this dismissal as error under his statement of issues. Accordingly, the review of such claims is not proper for this appeal and is waived. Davis v. J.C. Penney Co., 881 So.2d 969, 970(¶ 6) (Miss.Ct. App.2004) (citations omitted). Therefore, we find that the circuit court did not err when it dismissed Giles's case. Finding no error, we affirm.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] This rule states, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." M.R.C.P. 15(c).