*691 JAMES, J.,
FOR THE COURT:
¶ 1. This case comes up on appeal from an amended final judgment entered by the Harrison County Chancery Court on the issue of damages. In RSL Funding LLC v. Saucier (In re Transfer of Structured Settlement Payment Rights), 130 So.3d 1108, 1110-17 (¶¶ 2-43) (Miss. Ct. App. 2013) (Saucier I), this case was remanded to the chancery court on the issue of damages. In response to the dissenting opinion, since Saucier I was remanded to the chancery court on the issue of damages, we see no need to remand the present case on the issue of damages. After the remand of Saucier I, the chancery court found that RSL Funding LLC and RSL-5B-IL Ltd. (“RSL”) had failed to timely plead a claim for damages against Benny Saucier, leaving no unresolved issues to be decided. On appeal, RSL argues that the chancery court erred when it determined that RSL never alleged a claim for damages or filed a pleading as defined by the procedural rules. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In Saucier I, RSL argued that the parties’ agreement required that their dispute be resolved in arbitration. Before the appeal, the chancery court had determined that the agreement, which contained the arbitration provision, was not effective under the Mississippi Structured Settlement Protection Act (“MSSPA”). On March 26, 2013, we affirmed the chancery court’s orders denying RSL’s motion to compel arbitration and remanded Saucier I for further proceedings on the issue of damages.
¶ 3. Post appeal, no action was taken by RSL or Saucier until December 29, 2014, when Saucier filed a motion under Mississippi Rule of Civil Procedure 54 to certify the chancery court’s orders that denied arbitration. A hearing was held on the motion, and Saucier made an ore tenus motion to dismiss, claiming that RSL had failed to timely assert its claim for damages. Another hearing was held on February 19, 2015, and the chancery court found in Saucier’s favor. The chancellor ruled from the bench: “[TJhere’s nothing to dismiss because there is no pleading.... I just need an order granting judgment in favor of Mr. Saucier.” The chancellor also explained that “[j]ust because this court found that [RSL] had a right to pursue damages does not mean that [RSL] ha[s].” On March 26, 2015, the chancellor entered an amended final judgment in favor of Saucier, effective from February 19, 2015. The judgment noted that Saucier’s motion to dismiss was moot since RSL had never pled damages. Further, the judgment stated, “The annuity payments which are the subject of this litigation are due and payable to ... Saucier.”
¶ 4. On February 24, 2015, RSL filed a motion for leave to amend to file a complaint for damages, and, on March 4, 2015, RSL also filed a motion for a new trial or to amend the judgment. After a hearing, the chancery court denied both motions. The chancery court held that RSL’s motion for leave to amend was barred by the statute of limitations. RSL now appeals. On appeal, RSL argues that it pled a claim for damages with its September 18, 2009 motion to reconsider the chancery court’s order to set aside the transfer agreement.
STANDARD OF REVIEW
¶ 5. This Court employs a limited standard of review regarding a chancellor’s determinations. Madison Cty. v. Hopkins, 857 So.2d 43, 47 (¶ 11) (Miss. 2003). “A chancellor’s findings will not be disturbed unless he was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Id. (quoting In re Estate of Johnson, 735 So.2d 231, 236 *692 (¶ 24) (Miss. 1999)). “However, the chancery court’s interpretation and application of the law is reviewed under a de novo standard.” Id. In addition, “[w]e will not reverse a trial judge’s decision to deny a motion to amend under Mississippi Rule of Civil Procedure 15 unless the trial judge abused his or her discretion.” Giles v. Stokes, 988 So.2d 926, 927 (¶ 17) (Miss. Ct. App. 2008).
DISCUSSION
I. Whether the chancery court erred in entering final judgment for Saucier.
¶ 6. Rule 1 of the Mississippi Rules of Civil Procedure provides that “[tjhese rules shall be construed to secure the just, speedy, and inexpensive determination of every action.” The advisory committee’s note to Rule 1 expounds on this directive:
The salient provision of Rule 1 is the statement that “These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.” There probably is no provision in these rules more important than this mandate; it reflects the spirit in which the rules were conceived and written and in which they should be interpreted. The primary purpose of procedural rules is to promote the ends of justice; these rules reflect the view that this goal can best be accomplished by the establishment of a single form of action, known as a “civil action,” thereby uniting the procedures in law and equity through a simplified procedure that minimizes technicalities and places considerable discretion in the trial judge for construing the rules in a manner that will secure their objectives.
M.R.C.P. 1 advisory committee’s note.
¶ 7. In accord with Rule 1, Mississippi Rule of Civil Procedure 7 provides the types of pleadings under Mississippi law and governs motion practice within the courts:
(a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
(b) Motions and Other Papers.
(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.
(Emphasis added); see also 1 Jeffrey Jackson, Donald E. Campbell & Justin L. Matheny, Mississippi Civil Procedure § 6:2, at 338 (2016) (“Motions are not pleadings.”). Mississippi Rule of Civil Procedure 8 further describes the pleading process within our state:
(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and,
(2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
(Emphasis added).
¶ 8. In light of these rules, RSL did not plead a claim for damages before the chan- *693 eery court. While it is evident from the record that the parties and the court were aware of RSL’s potential damages claim, RSL never pled a claim for damages in order to seek relief before the chancery court. We recognize that this proceeding began as a seemingly uncontested MSSPA matter. However, RSL needed to plead a claim for its damages. Without a pleading seeking damages, the chancery court could not award RSL damages in the matter.
¶ 9. RSL’s claim that its motion to reconsider pled a damages claim is unpersuasive under the rules. Rule 7 clearly limits parties to the described type and number of pleadings. A motion is not a pleading; thus, a motion to reconsider cannot plead a new issue of damages. While Mississippi adheres to notice pleading and has abolished technical forms of pleading, notice pleading does not extinguish a party’s duty “to place the opposing party on notice of the claim being asserted.” Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss. 2000) (emphasis added).
¶ 10. Even when we do not consider Rule 7’s distinction between pleadings and motions, RSL’s motion to reconsider was not sufficient as a pleading since it did not assert a demand for judgment. For a pleading to be sufficient, it must satisfy Rule 8’s two-part requirement: “(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and, (2) a demand for judgment for the relief to which he deems himself entitled.” While RSL’s motion may have been sufficient to satisfy the first prong of a pleading for damages, it did not satisfy the second prong. Despite RSL’s claim that its mistake in labeling the motion was only clerical, the motion to reconsider was not a pleading and did not seek a recovery of the purported damages.
¶ 11. Also, the record demonstrates that, at the time of filling, RSL did not intend for its motion to reconsider to be treated as a pleading for damages. The motion was filed in response to the chancery court’s order setting aside the approval of the transfer to RSL. While the motion discussed Saucier’s unjust enrichment because of the money that RSL had allegedly paid to Saucier and on behalf of Saucier, the motion did not plead for recovery of these expenses but instead asked the court to reconsider its order.
¶ 12. In addition, RSL did not intend for its motion to reconsider to be treated as a pleading later in the litigation. Almost a year and a half after filing its motion to reconsider, RSL noted in its response to Saucier’s motion for summary judgment that the chancery court was not the proper forum to determine the damages. In a section entitled “E. Saucier is Liable to RSL Funding for Damages,” RSL argued:
The next issue is whether it is proper for this Court to determine the nature and extent of damages owed by Saucier. The RSL Entities believe it is not because the arbitration provisions contained in the three aforementioned documents require an arbitrator to make that determination. Furthermore, if the RSL Entities proceed in the state court matter to obtain the damages from Saucier for his willful and intentional conduct in breaching the contracts, the RSL Entities ivill be waiving their right to arbitration.
(Emphasis added).[1] Thus, as of this response on February 25, 2011, RSL be *694 lieved that it had not “proceed[ed] in the state court ... to obtain damages from Saucier.” RSL, regardless of the fact that it did not initiate the related actions filed in federal court, made a strategy decision to pursue its claims for damages in arbitration through whatever means available. It is only after adverse rulings by this Court, the District Court for the Southern District of Mississippi, and the United States Court of Appeals for the Fifth Circuit that RSL now argues that its motion to reconsider was a pleading for damages. See Saucier v. Aviva Life & Annuity Co., No. 1:10CV429-HSO-JMR, 2013 WL 5937347, at *7 (S.D. Miss. Nov. 4, 2013) (giving preclusive effect to this Court’s ruling on the issue of arbitration in Saucier I), aff'd, 589 Fed.Appx. 701 (5th Cir. 2014) (same).
¶ 13. Further, RSL had notice from the chancery court that it had not pled a claim for damages. On June 22, 2010, after the chancery court denied RSL’s motion to reconsider, the chancery court stated in an order:
Repeatedly, this Court has informed RSL that it has the right to pursue Saucier for its reasonable damages[]sums expended in satisfying a state tax lien, an advance on the payoff for the transfer of the structured settlement, a television, and reasonable attorney[’]s fees, but as a result of the prior rulings in this matter, the Texas arbitration court is not the proper forum to do so.
(Emphasis added). Additionally, on June 17, 2011, the chancery court entered an order, stating, “This Court has previously held that RSL is entitled to damages as a result of the expenses it incurred and/or paid to or on behalf of Saucier.” RSL now argues that these orders are sufficient for him to recover the damages. There is a difference between orders “informpng]” a party of a “right” to recover damages and recognizing that a party “is entitled to damages,” and the party actually pursuing the damages that the party is entitled to recover. A pleading enables a court to award a party monetary damages. Rule 54(c) limits a court’s ability to award monetary damages without a pleading: “[Final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings.” M.R.C.P. 54(c).[2]
¶ 14. To hold that RSL’s discussion of potential damages in its motion to reconsider effectively pled damages would be inconsistent with the purpose of the rules of civil procedure. RSL filed its initial petition in February 2009, its motion to reconsider in September 2009, and its response to the motion for summary judgment in February 2011. In 2015—six years after its initial petition and four years after its response to the motion for summary judgment—RSL, for the first time, claimed *695 that it had pled a claim of relief for damages. No pleading, though, exists in the record. The advisory committee’s note to Rule 1 makes it clear that one of “the primary purposes of procedural rules is to promote the ends of justice ... through a simplified procedure.” The rules would not simplify a case’s procedure if motions were considered pleadings, and courts had the duty to make certain that each motion before them did not add to the pleadings in the case. Even though this case began as an MSSPA matter, RSL had the obligation to plead for its damages.
¶ 15. Because RSL never pled a claim for damages, the chancery court’s entry of final judgment in favor of Saucier was proper.[3]
II. Whether the chancery court erred in denying RSL’s motion for leave to amend.
¶16. Mississippi Rule of Civil Procedure 15(a) provides that “[a] party may amend a pleading as a matter of course at any time before a responsive pleading is served.” Here, without an initial pleading, we turn to a further provision of Rule 15(a): “Otherwise a party may amend a pleading only by leave of court ...; leave shall be freely given when justice so requires.” Leave to amend should be freely given by the court “[i]n the absence of any apparent or declared reason[—]such as ... futility of the amendment.” Moeller v. Am. Guar & Liab. Ins., 812 So.2d 953, 962 (¶28) (Miss. 2002) (quotation omitted).
¶ 17. The parties agree that RSL’s claim for damages is subject to the general three-year statute of limitations. Miss. Code Ann. § 15-1-49 (Rev. 2012). In 2009, RSL purportedly advanced Saucier $6,500, purchased him a television, and paid a Mississippi state tax Hen on Saucier’s behalf. RSL’s damages accrued in 2009, and the statute of limitations on the claim ran in 2012. Thus, RSL’s “Motion for Leave to Amend to Assert a Complaint for Damages,” filed on February 24, 2015, is barred by the applicable statute of limitations, section 15-1-49, and the chancellor did not abuse his discretion in denying the motion. In addition, as RSL did not plead a claim for damages and leave to file a complaint was denied, RSL is not entitled to now pursue a claim for its attorney’s fees.[4]
CONCLUSION
¶ 18. RSL failed to plead a claim for its damages. The chancery court properly entered final judgment in favor of Saucier. The chancellor did not abuse his discretion in denying RSL’s motion for leave to amend as the statute of limitations barred the motion.
¶ 19. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J, ISHEE, CARLTON AND GREENLEE, JJ., CONCUR. GRIFFIS, P.J., DISSENTS *696 WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, FAIR AND WILSON, JJ.

. Neither of the Fifth Circuit opinions cited by RSL in its response to the motion for summary judgment suggests that a party will waive its right to arbitration by alternatively pleading a damages claim in state court in order to protect its future interests should the *694 party eventually be denied arbitration. Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999) ("There is a strong presumption against waiver of arbitration.”); Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 496 (5th Cir. 1986) (finding waiver of arbitration only after party "attempted] to arbitrate [three and one-half] years later, after losing in court”).

. The advisory committee’s note to Rule 54 provides:
Rule 54(c) must be read in conjunction with Rule 8, which requires that every pleading asserting a claim include a demand for the relief to which the pleader believes himself entitled. Thus, Rule 54(c) applies to any demand for relief, whether made by defendant or plaintiff or presented by way of an original claim, counter-claim, cross-claim, or third[-]party claim. A default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded.
M.R.C.P. 54(c) advisory committee’s note.

. Our holding today is limited to the facts of the case before us. It does not preclude a future finding by a trial court that a motion might sufficiently plead a cause of action or a claim of damages. The advisory committee’s note to Rule 1 “places considerable discretion in the trial judge for construing the rules in a manner that will secure their objectives.” As has been discussed, RSL’s motion to reconsider simply fails to plead a claim for damages.

. RSL filed a motion to strike portions of Saucier’s brief and record excerpts on the issue of res judicata. Because this motion does not affect the merits of our opinion, we deny the motion to strike.