# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01064-COA

**BROTHER'S PRO SALVAGE AUTO PARTS, LLC A/K/A BROTHERS PRO TIRE PLUS, LLC AND ABDUL JABAR M. KOUSA**                    APPELLANTS

v.

**IBRAHAM'S ENTERPRISE, LLC AND IBRAHAM BABUKUR**                    APPELLEES

DATE OF JUDGMENT:                12/18/2024
TRIAL JUDGE:                        HON. KENT E. SMITH
COURT FROM WHICH APPEALED:        MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:        JASON EDWARD CAMPBELL
ATTORNEY FOR APPELLEES:            ARCHIBALD BULLARD
NATURE OF THE CASE:                CIVIL - CONTRACT
DISPOSITION:                        AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 05/12/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.    Brother's Pro Salvage Auto Parts LLC, also known as Brothers Pro Tire Plus LLC, and Abdul Jabar M. Kousa (collectively Brothers) appealed a judgment of eviction entered by the Marshall County Justice Court. The lessor, Ibraham's Enterprise LLC and Ibraham Babukur (collectively Ibraham), was granted exclusive possession of commercial property it had leased to Brothers. On appeal from justice court, the Marshall County Circuit Court affirmed the justice court's judgment of eviction in favor of Ibraham on September 11, 2024. In its order affirming the eviction, the circuit court also awarded Ibraham monetary damages associated with the eviction, which had been expressly excluded from the justice court

complaint. Brothers now appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 10, 2020, Brothers and Ibraham entered into a commercial lease agreement for a property located at 4044 Highway 178, Red Banks, Marshall County, Mississippi ("tire shop"). Shortly thereafter, Brothers decided to expand their business operation and entered into an agreement with Ibraham for an additional property at 4162 Highway 178, Red Banks, Marshall County, Mississippi ("salvage yard"). The November 10 commercial lease pertaining to the tire shop was amended to provide for the terms of the lease associated with the salvage yard as well. The amended commercial lease agreement was executed by both parties on March 4, 2021. On that same day, it was discovered that the monthly rental amount was not correct for the salvage yard property. The error was corrected, and an amended lease agreement was circulated and executed by all parties later in the day. This final commercial lease agreement executed on March 4, 2021, and which is the subject of this appeal, provided in part:

3. PAYMENT OF RENT:

Lessee covenants and agrees to pay, at Lessor's mailing address, as may be designated in writing by Lessor, a total rental for the building located at 4162 Hwy 178 E., Red Banks, Mississippi, the sum of Two Thousand Five Hundred and no/100 Dollars ($2,500.00) for the first sixty months (60) months, payable in advance, on the 10th day of each month, commencing on November 10, 2020 and ending on October 10, 2025.

Lessee covenants and agrees to pay, at Lessor's mailing address, or at such address as may be designated in writing by Lessor, a total rental for the building located at 4044 Hwy 178 E., Red Banks, Mississippi, the sum of Two Thousand and no/100 Dollars ($2,000.00) for the sixty months (60) months, payable in advance, on the 10th day of each month, commencing on November

2

10, 2020 and ending on October 10, 2025. . . .

NOTWITHSTANDING THE FOREGOING, the Tenant shall be responsible for all county ad valorem business and real estate taxes and fire and hazard insurance on the dwelling. . . .

In the event of any failure by Lessee to pay or discharge any of the foregoing, Lessors shall have all rights, powers, and remedies provided herein, by law or otherwise, in the case of non-payment of the rent. . . .

. . . .

9.      ALTERATIONS, ADDITIONS, AND IMPROVEMENTS:

Upon obtaining Lessor's prior written consent, which shall not be unreasonably withheld, Lessee shall have the right at all times during the Lease Term to make additions to and alterations of and substitutions and replacements for the buildings, structures, or other improvements to the Demised Premises . . . .

¶3.    Sometime after the commercial lease agreement was executed, Brothers surrendered possession of the tire shop property located at 4044 Hwy 178, to Ibraham. The parties entered into a release agreement concerning that property on June 29, 2022, leaving the salvage yard as the sole property subject to the March 4 commercial lease agreement.

¶4.    On January 8, 2024, Ibraham filed a "Civil Affidavit for Eviction," claiming that Brothers had defaulted on several provisions of the commercial lease agreement. Ibraham alleged that Brothers had been delinquent in paying rent multiple times throughout the term of their lease, refused to pay the 2021, 2022, and 2023 ad valorem taxes, failed to provide any proof that they had purchased insurance on the property, and failed to get written permission prior to making alterations to the building on the salvage yard property. As a result of Brothers' breach, Ibraham's affidavit for eviction requested that Brothers be

3

required to vacate the salvage yard premises. Eviction was the only relief requested in the affidavit. Notably, the affidavit also stated:

> Since the amount of damages infl[i]cted upon the Owner by the Lessee exceeds the jurisdictional limit of Justice Court, Owner anticipates filing a cause of action in the Circuit Court of Marshall County to recover full damages. The Owner is only seeking that the Lessee be immediately evicted from the subject real property.

¶5. On February 20, 2024, the justice court entered a judgment for eviction that stated in part:

> That the LANDLORD be granted exclusive possession of the premises subject to the following conditions:
>
> The tenant must vacate the premises in 30 days, this longer or shorter period of time is justified because of an emergency or other compelling circumstances to wit: March 21, 2024 at 5:00 pm.

The justice court judgment did not award any monetary damages. The judgment was a "fill-in-the-blank" form order that had a specific section entitled "Judgment for Monetary Damages." This section of the order was left blank.

¶6. On February 21, 2024, Brothers filed a notice of appeal in the Marshall County Circuit Court. Neither party filed additional pleadings requesting any relief not already pled for in justice court, monetary or otherwise.

¶7. On August 30, 2024, the circuit court heard witnesses, examined evidence, and considered arguments by counsel regarding Ibraham's affidavit for eviction filed in justice court. On September 11, 2024, the circuit court entered a judgment for eviction, affirming the justice court's February 21, 2024 judgment on the complaint for eviction. However, the circuit court's judgment of eviction not only ordered that Brothers be evicted from the

4

salvage yard property, but it also assessed damages for back rent in the amount of $2,500 and double rent in the amount of $5,000 pursuant to Mississippi Code Annotated section 89-7-25 (Rev. 2021).

¶8.     Aggrieved by the circuit court's judgment, Brothers filed a notice of appeal on September 12, 2024. On that same day, Brothers filed a motion for a stay of eviction pending the appeal. Brothers was granted a temporary stay of the eviction on September 17, 2024. Upon belief that Brothers was removing a privacy fence and other fixtures from the salvage yard property, Ibraham filed a "Motion for Emergency Injunction, Lifting of Temporary Stay and Immediate Eviction From Property."

¶9.     On September 23, 2024, Ibraham filed a motion to alter or amend the circuit court's judgment to award a judgment of $22,500 for double rent and reimbursement of $10,701.91 for ad valorem tax payments Ibraham made. The circuit court entered an amended judgment for eviction on December 18, 2024, granting Ibraham $8,026.44 for ad valorem taxes not paid, $21,071.66 in attorney's fees and $22,500 for double rent.

## ANALYSIS

¶10.    Brothers argues three issues on appeal. First, Brothers claims that the circuit court erred in granting monetary damages because no monetary damages were sought in the justice court affidavit or any subsequent pleading in circuit court. Second, Brothers claims that the circuit court "erred in its application of the law" by evicting Brothers from the salvage yard property by "applying facts that were against the overwhelming weight of the evidence." Third, Brothers asserts that Ibraham's acceptance of rent payments constituted a waiver or

accord and satisfaction.

¶11.    In reviewing a circuit court's judgment, our supreme court has stated, "[T]here is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court." *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977).

> **I.      Did the circuit court err in awarding monetary damages even though they were not specifically pled in the justice court affidavit for eviction or any subsequent pleadings?**

¶12.    Ibraham's original affidavit of eviction, filed in justice court, failed to request any monetary damages.  The affidavit was not merely silent as to a request for monetary damages, but paragraph nine of the affidavit specifically stated that the landlord was **"only** seeking that the Lessee be immediately evicted from the subject real property."  The affidavit further stated that "since the amount of damages infl[i]cted upon the Owner by the Lessee exceeds the jurisdictional limit of Justice Court, Owner anticipates filing a cause of action in the Circuit Court of Marshall County to recover full damages."  On February 21, 2024, the justice court entered an order awarding exactly what Ibraham requested: **only** that Brothers be evicted from the salvage yard property.  While the fill-in-the-blank form order had a section designated for monetary damages, that section was left blank.

¶13.    In *Gordon v. Dickerson*, 365 So. 3d 177, 182-83 (¶18) (Miss. 2022), the supreme court stated:

> When a case is appealed from justice court to either county or circuit court for a trial de novo, the appeal proceeds "as if a complaint and answer had been filed[.]" UCRCCC 5.07. The county or circuit court can require supplemental pleadings to clarify the issues, and all subsequent proceedings are "governed

6

by the Mississippi Rules of Civil Procedure, where applicable, the Mississippi Rules of Evidence, and [the Uniform Civil Rules of Circuit and County Court Practice] . . . ." UCRCCC 5.07.

As suggested in *Gordon*, once in circuit court, Ibraham could have filed a motion to file an amended complaint to include the claim for damages, which was intentionally excluded from the justice court complaint. *Id*. at (¶¶20-22). However, Ibraham did not move to amend the complaint.

¶14. In *Transfer of Structured Settlement Payment Rights by Saucier v. Saucier*, 207 So. 3d 689, 692-93 (¶8) (Miss. Ct. App. 2016), this Court stated, "RSL did not plead a claim for damages before the chancery court. While it is evident from the record that the parties and the court were aware of RSL's potential damages claim, RSL never pled a claim for damages in order to seek relief before the chancery court. . . . Without a pleading seeking damages, the chancery court could not award RSL damages in the matter."

¶15. Much like in *Saucier*, Ibraham simply did not make a claim for any monetary damages in justice court. As noted, Ibraham did not seek to amend the complaint once in circuit court, pursuant to Mississippi Rules of Civil Procedure Rule 15, to include a claim for monetary damages. For those reasons, we find that the circuit court erred in granting monetary damages. Therefore, we reverse the circuit court's award of monetary damages and render judgment that Ibraham is not entitled to them.

**II. Did the circuit court err in its application of law in evicting Brothers by "applying facts that were against the overwhelming weight of the evidence?"**

¶16. Brothers next alleges that the circuit court's conclusion that the commercial lease

7

dated March 4, 2021, was valid and that Brothers owed $2,500 per month in rent for the salvage yard property was primarily based on the court's reliance on Diane Taylor's testimony. Brothers claims that Taylor, the individual who drafted the lease in question, "practices unlicensed law as a hobby" and that her testimony at trial should not have been found credible. According to Brothers' witness Rami Kousa, the second lease or the "corrected lease" that Taylor presented for their signature on March 4, 2021, was a "surprise," and the terms within the lease, including the $2,500 rent amount, were not agreed to by the parties. This is the extent of Brothers' argument on this point in its brief on appeal.

¶17. In *Par Industries Inc. v. Target Container Co.*, 708 So. 2d 44, 47 (¶4) (Miss. 1998), the Mississippi Supreme Court stated:

> A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *Puckett v. Stuckey*, 633 So. 2d 978, 982 (Miss. 1993); *Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd.*, 613 So. 2d 864, 864, 872 (Miss. 1993); *Allied Steel Corp. v. Cooper*, 607 So. 2d 113, 119 (Miss. 1992). Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. *Sweet Home Water & Sewer Ass'n*, 613 So. 2d at 872; *Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76, 82 (Miss. 1992). The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." *Cotton v. McConnell*, 435 So. 2d 683, 685 (Miss. 1983) (quoting *Culbreath v. Johnson*, 427 So. 2d 705, 707-708 (Miss. 1983)). That there may be other evidence to the contrary is irrelevant. *Id*. at 686.

¶18. The final commercial lease agreement, dated March 4, 2021, was entered into evidence by the agreement of the parties. The lease clearly set out the terms for the payment

8

of rent in section three. The lease also set out provisions for the payment of taxes and insurance and the parameters for making additions and alterations to the property. Ibraham claimed that Brothers had breached each one of those provisions. The lease stated in pertinent part:

> Lessee covenants and agrees to pay, at Lessor's mailing address, or at such address as may be designated in writing by Lessor, a total rental for the building located at 4162 Hwy 178 E., Red Banks, Mississippi, the sum of Two Thousand Five Hundred and no/100 Dollars ($2,500.00) for the first sixty months (60) months, payable in advance, on the 10th day of each month, commencing on November 10, 2020 and ending on October 10, 2025. . . .

> The Tenant shall be responsible for all county ad valorem business and real estate taxes and fire and hazard insurance on the dwelling. . . .

> Upon obtaining Lessor's prior written consent, which shall not be unreasonably withheld, Lessee shall have the right at all times during the Lease Term to make additions to and alterations of and substitutions and replacements for the buildings, structures, or other improvements to the Demised Premises and to remodel the interior thereof, as the Lessee may reasonably deem desirable or necessary . . . .

While Brothers claimed at trial that it never entered into a "corrected" lease agreement on March 4, 2021, it did acknowledge its representative's signature on the lease entered into evidence as Exhibit 4.

¶19. The parties introduced into evidence copies of multiple canceled checks from Brothers to Ibraham in the amount of $2,500. These checks are significant for two reasons. First, they were written in the amount of $2,500, which is the amount listed as the rental price for the salvage yard property in the final commercial lease agreement. Second, on the memo line of the check, Brothers described the purpose of the payment as "rent" for the month specific to each check. At trial, Brothers claimed that $500 of each check that it paid Ibraham was

allotted for insurance and taxes on the property and admitted that it did not pay anything additional for taxes or insurance. However, to claim that the checks paid for anything other than monthly rent would be contrary to the notation on the checks. Evidence at trial confirmed that Ibraham paid the taxes on the salvage yard property during the duration of the lease.

¶20. Given the evidence and testimony presented at trial, the circuit court determined that Brothers had not paid taxes and insurance on the salvage yard property and, in turn, had breached that provision of the lease agreement. While there was testimony at trial concerning the timely payment of rent and alterations made to the property without Ibraham's consent, Brothers' failure to pay taxes and to insure the salvage yard property supports a judgment of eviction. Further review of other alleged breaches is not necessary.

### III. Did Ibraham's acceptance of rent constitute waiver and accord and satisfaction of past due rent?

¶21. Because Brothers breached the lease agreement by failing to pay taxes and failing to insure the salvage yard property as required, we find this issue to be moot. In any event, Brothers argues that Ibraham's acceptance of back rent payments and overpayments of rent "constitutes a legal waiver and acceptance by accord and satisfaction." However, the lease agreement had an additional provision that specifically spoke to accord and satisfaction. The lease agreement provided in part:

> ACCORD AND SATISFACTION: No payment by Lessee or receipt by Lessor of a lesser amount than the monthly installment of rent herein required to be paid shall be deemed to be other than on account of the earliest stipulated payment of same nor shall any endorsement or statement on any check or any letter accompanying any check or payment be deemed an accord and

satisfaction, and Lessor may accept such check or payment without prejudice to Lessor's right to recover the balance of such payment or pursue any other remedy proved for this Lease.

Given this provision in the lease agreement, which both parties signed, this issue is without merit.

## CONCLUSION

¶22. We affirm the circuit court's judgment of eviction granting Ibraham exclusive possession of the leased premises. However, we reverse and render the circuit court's award of monetary damages.

¶23. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**